# EXHIBIT A

# EXHIBIT A

8/10/19 @ 2:55

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** AT&T MOBILITY SERVICES, LLC, a
*(AVISO AL DEMANDADO):* Delaware Corporation,
and DOES 1 through 100, inclusive.

FILED
MADERA SUPERIOR COURT
AUG 27 2019
ADRIENNE Y. CALIP       CLERK
_____ DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** LUIS M. SALAS RAZO
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
on his own behalf and on behalf of all others similarly situated.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Madera County Superior Court, State of California
200 South "G" Street
Madera, CA 93637

**CASE NUMBER:** *(Número del Caso):* **MCV081925**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marcus J. Bradley, Esq.                    T: (805) 270-7100   F: (805) 270-7589
Kiley L. Grombacher, Esq.
BRADLEY/GROMBACHER, LLP
2815 Townsgate Rd., Suite 130, Westlake Village, CA 91361

DATE: AUG 27 2019     ADRIENNE Y. CALIP
*(Fecha)*              Clerk, by   TIFFANIE FELIX  , Deputy
                       *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): AT&T Mobility Services, LLC a Delaware Corporation
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☒ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): 8/10/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
BRADLEY/GROMBACHER, LLP
Marcus J. Bradley, Esq.
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
TELEPHONE NO.: 805-270-7100     FAX NO.: 805-270-7589
ATTORNEY FOR *(Name):* Plaintiff, LUIS M. SALAS RAZO

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MADERA
STREET ADDRESS: 200 South "G" Street
MAILING ADDRESS: 200 South "G" Street
CITY AND ZIP CODE: Madera, CA 93637
BRANCH NAME:

CASE NAME:

FOR COURT USE ONLY

FILED
MADERA SUPERIOR COURT
AUG 27 2019
ADRIENNE Y. CALIP _____ CLERK
_____ DEPUTY

CASE NUMBER: MCV081925
JUDGE:
DEPT:

**CIVIL CASE COVER SHEET**
[✓] Unlimited    [ ] Limited
(Amount         (Amount
demanded         demanded is
exceeds $25,000)  $25,000 or less)

**Complex Case Designation**
[ ] Counter   [ ] Joinder
Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
(Cal. Rules of Court, rules 3.400–3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* One (1)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 26, 2019

Marcus J. Bradley
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

FILED BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:   (805) 270-7100
Facsimile:   (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
        kgrombacher@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:   (818) 609-0807
Facsimile:   (818) 609-0892
E-Mail: sahagii@aol.com

Attorneys for Plaintiff and the Proposed Class

FILED
MADERA SUPERIOR COURT
AUG 2 7 2019
ADRIENNE Y. CALIP
_____ CLERK
_____ DEPUTY

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF MADERA

| | |
|---|---|
| LUIS M. SALAS RAZO, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY SERVICES, LLC, a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. **MCV081925**<br><br>**COMPLAINT FOR:**<br><br>1. Civil Penalties for Violation of California *Labor Code* §§ 2698, et. seq. ("PAGA")<br><br>**DEMAND FOR JURY TRIAL** |

-1-
PAGA COMPLAINT

FILED BY FAX

Plaintiff, Anthony Luis M. Salas Razo (hereinafter referred to as "Plaintiff"), hereby submits his Complaint against AT&T Mobility Services, LLC, a Delaware Corporation; and Does 1-100 (hereinafter collectively referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees of Defendants as follows:

## INTRODUCTION

1. This is an enforcement action under the Labor Code Private Attorneys General Act of 2004, California *Labor Code* §2698 et seq. ("PAGA") to recover civil penalties and any other available relief on behalf of Plaintiff, the State of California, and former and current non-exempt employees of Defendant AT&T MOBILITY SERVICES, LLC, doing business and employing individuals in California.

2. The Relevant Time Period is one year prior to the date this lawsuit is filed through the date judgment is rendered herein ("Relevant Time Period").

3. Plaintiff seeks relief on behalf of himself and all other aggrieved employees as a result of employment policies, practices and procedures more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendant to pay Plaintiff and all other aggrieved employees all wages due to them. Said employment policies, practices and procedures are generally described as follows:

   a. Defendant failed to pay Plaintiff and all other aggrieved employees all appropriate wages;

   b. Defendant failed to pay Plaintiff and all other aggrieved employees all final wages in a timely fashion (California *Labor Code* §§ 201-203);

   c. Defendant failed to maintain accurate, complete, and readily available records in violation of California *Labor Code* § 1174 and the applicable IWC Wage Order; and

   d. Defendant failed to provide Plaintiff and all other aggrieved employees with proper wage statements (California Labor Code §226(a)).

-2-
PAGA COMPLAINT

4. Plaintiff is informed and believes, and based thereon alleges, Defendant has engaged in, among other things, a system of willful violations of the California *Labor Code* and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5. The policies, practices and customs of Defendant described above and below has resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the structures of the California *Labor Code*.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to the provisions of the California *Labor Code*. On information and belief, Defendant is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avail itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice. There is no basis for federal diversity jurisdiction in this action given that the State of California, as the real party in interest in this action, is not a "citizen" for purposes of satisfying diversity jurisdiction. *Urbino v. Orkin Servs. of Cal.*, 726 F.3d 1118, 1123 (9th Cir. Cal. 2013). *Urbino* also holds that civil penalties cannot be aggregated to satisfy the amount in controversy requirement for federal diversity jurisdiction in this action, and that diversity jurisdiction cannot be established when Plaintiff's share of the civil penalties attributable to violations personally suffered are less than $75,000. *Id.* at 1122.

7. Venue is proper because the Defendant does business in California and in Madera County and the actions that gave rise to this action occurred in Madera County.

## PARTIES

8. Plaintiff is a resident of Madera County, California. He is a former hourly employee of Defendant who ceased employment over 30 days ago.

9. Plaintiff was a victim of the policies, practices and customs of Defendant complained of in this action in ways that have deprived him of the rights guaranteed to him by California *Labor Code* §§ 201-203, 212, 226a, 256, 510, 1174, 1194, 1197, 1197.1,

1199,§§2698, et seq ("PAGA"), and §2699. .

10. Plaintiff is informed and believes, and based thereon alleges, that Defendant AT&T Mobility Services, LLC is a Delaware Corporation doing business in the State of California. Defendant's corporate address is: 675 West Peachtree St NW, Ste 2756 ST NW, Atlanta, GA 30308.

11. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendant and DOES 1 through 100, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

12. As such and based upon information and belief Defendants do business in California, Defendants are subject to California *Labor Code* §§ 201-203, 212, 226a, 256, 510, 1174, 1194, 1197, 1197.1, 1199, and 2699 and 2698 et seq.

13. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

15. The other aggrieved employees are likewise current and former non-exempt employees of AT&T, employed by Defendant within the State of California during the Relevant Time Period.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

17. Plaintiff and all other aggrieved employees were and are classified by Defendant as non-exempt employees, pursuant to the provisions of the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards. As non-exempt employees, Plaintiff and all other aggrieved employees are entitled to certain benefits, including mandated meal and rest breaks. In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

18. Plaintiff and all other aggrieved employees were not provided with proper paychecks nor provided final wages in a timely manner.

19. Plaintiff and all other aggrieved employees seek unpaid wages, penalties and other compensation from Defendant for the relevant time period because Defendant *inter alia* improperly:

   a. Failed to pay all wages due at appropriate rates;

   b. Failed to pay Plaintiff and all other aggrieved employees all wages owed at termination;

   c. Failed to provide Plaintiff and all other aggrieved employees with proper paychecks pursuant to *Labor Code* § 226; and

   d. Failed to provide paychecks payable upon demand.

20. Plaintiff alleges that the following violations occurred on a routine basis to him and all other aggrieved employees during their employment with Defendants:

   a. **Unpaid Wages:** Plaintiff alleges that on a routine basis he and all other aggrieved employees received paychecks without proper wages as meal period premiums, the regular rate of pay, and overtime rate were miscalculated, in violation of the *Labor Code*.

b. **Wage Statement Violations:** Plaintiff alleges that on a routine basis he and all other aggrieved employees received wage statements in violation of *Labor Code* §226, as premium pay for meal period violations were paid at improper rates, and hours and rates were not properly shown on wage statements.

c. **Delayed Access to Wages:** Plaintiff and all other aggrieved employees were required to incur delays to access their wages, in violation of *Labor Code* § 212.

d. **Termination/Final Wages:** Defendants' failure to pay for all wages due prior to termination constitutes violation of California *Labor Code* §§ 201-203.

*Delayed Access to Wages*

21. Section 212 of the California *Labor Code* prohibits the payment of wages pursuant to a check "unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument."

22. In violation of this statute, Defendant has issued Plaintiff and other employees checks drawn on an out of state payroll account, that does not include the address of a business in California at which the checks can be cashed, on demand, without discount.

*Defendant's Failure to Pay All Wages Due at Termination of Employment*

23. At all times, relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days. Defendant's failure to pay for all wages earned prior to termination constitutes additional violations of California *Labor Code* §§ 201-203.

24. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendant knew or should have known, that all other employees, including Plaintiff,

-6-
PAGA COMPLAINT

were entitled to receive all wages at appropriate rates, all overtime at appropriate rates, and all commissions due at the time their employment ceased.

25. Defendant willfully and knowingly failed to pay Plaintiff and all other aggrieved employees, upon termination of employment, all accrued compensation.

*Facts Regarding Willfulness*

26. Plaintiff is informed and believes, and based thereon alleges, that Defendant is and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

27. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendant had a consistent policy or practice of failing to compensate Plaintiff and all other aggrieved employees at appropriate rates and that it knew or should have known these legally appropriate rates.

## PAGA REPRESENTATIVE ALLEGATIONS

28. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

29. Plaintiff brings this action on behalf of himself and all other aggrieved employees. The aggrieved employees are composed of, and defined as follows:

Aggrieved Employees:

All employees who were or are employed by Defendant in California as "non-exempt employees" against whom one or more violations of any provision in Division 2 Part 2 Chapter 1 of the *Labor Code* or any provision regulating hours and days of work in the applicable Industrial Welfare Commission ("IWC") Wage Order were committed, as set forth in this complaint, at any time between one year prior to the filing of this complaint until judgment. As used in this definition, the term "non-exempt employee" refers to those whom Defendant has classified as non-exempt from the overtime wage provisions of the California *Labor Code*.

30. Plaintiff brings this action on behalf of himself and all other aggrieved

-7-
PAGA COMPLAINT

31. By letter dated May 29, 2019 required notice to the Labor and Workforce Development Agency ("LWDA") and Defendant of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

32. The LWDA has failed to respond to such notice, and more than sixty-five (65) days have passed since May 29, 2019, the date the notice was mailed to Defendant and the LWDA.

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA *LABOR CODE* §§ 2698, *et seq.* (PAGA)

**(Against Defendant on behalf of Plaintiff and the other Aggrieved Employees)**

33. Plaintiff incorporates all preceding paragraphs as though fully set for herein.

34. PAGA permits Plaintiff to recover civil penalties for the violation(s) of the *Labor Code* sections enumerated in California *Labor Code* § 2699.5.

35. Defendant's conduct, as alleged herein, violates numerous sections of the California *Labor Code* including, but not limited to, the following:

   a. Defendant failed to pay Plaintiff and all other aggrieved employees all final wages in a timely fashion (California *Labor Code* §§ 201-203);

   b. Defendant failed to provide Plaintiff and all other aggrieved employees with proper wage statements (California *Labor Code* § 226); and

   c. Defendant failed to maintain accurate records of work performed by Plaintiff and all other aggrieved employees (California *Labor Code* § 1174).

36. California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California *Labor Code* §1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

37. California *Labor Code* § 226(a) sets forth reporting requirements for employers when they pay wages, as follows:

> "Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . . . (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer."

Section (e) provides:

> "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

38. California *Labor Code* § 1174 provides that "[e]very person employing labor in this state shall ... [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments..."

39. California *Labor Code* §204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California *Labor Code* § 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no

later than the payday for the next regular payroll period.

40. During the relevant time period, Defendants failed to pay Plaintiff and the aggrieved employees all wages due to them including, but not limited to, overtime wages, all wages due, and meal and rest period premium wages, within any time period specified by California *Labor Code* §204.

41. California *Labor Code* § 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." *Labor Code* § 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

42. Defendant, at all times relevant to this complaint, was an employer or person acting on behalf of an employer(s) who violated Plaintiff and other he aggrieved employees' rights by violating various sections of the California *Labor Code* as set forth above.

43. As set forth above, Defendant has violated numerous provisions of both the *Labor Code* sections regulating hours and days of work as well as the applicable order of the IWC. Accordingly, Plaintiff seeks the remedies set forth in California *Labor Code* § 558 for himself, the State of California, and all other aggrieved employees.

44. Pursuant to PAGA, and in particular California *Labor Code* §§ 2699(a), 2699.3, 2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendant, in addition to other remedies, for violations of California *Labor Code* §§ 201, 202, 203, 226, 1174, and 1198.

45. Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* §2699.3 and SB 836. By letter dated May 29, 2019 Plaintiff, on behalf of himself and the other aggrieved employees, pursuant to California *Labor Code* §2699.3 and SB 836, gave written notice by electronic submission to the Labor and Workforce Development Agency ("LWDA") and certified mail to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

46. More than 60 days have passed since the May 29, 2019 notice to the LWDA and no response has been received.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the other aggrieved employees, prays for judgment against Defendant as follows:

1. For penalties as permitted by the California *Labor Code*, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, for penalties permitted by California *Labor Code* §§ 2698-2699;

2. For interest as permitted by statute, including *Labor Code* § 218.6;

3. For costs of suit and expenses incurred herein as permitted by statute, including California *Labor Code* §§ 226(a);

4. For attorneys' fees as permitted by statute, including California *Labor Code* §§ 226(a); and

5. For all such other and further relief that the Court may deem just and proper.

DATED: August 26, 2019

BRADLEY/GROMBACHER, LLP
LAW OFFICES OF SAHAG MAJARIAN II

By: _____
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Lirit A. King, Esq.
Sahag Majarian, Esq.
Attorneys for Plaintiffs

-11-
PAGA COMPLAINT

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED: August 26, 2019

BRADLEY/GROMBACHER, LLP
LAW OFFICES OF SAHAG MAJARIAN II

By: _____
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Lirit A. King, Esq.
Sahag Majarian, Esq.
Attorneys for Plaintiffs