**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone:   (805) 270-7100
Facsimile:    (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
          kgrombacher@bradleygrombacher.com
          lking@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:   (818) 609-0807
Facsimile:    (818) 609-0892
E-Mail: sahagii@aol.com
Attorneys for Plaintiff and the Proposed
Class

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS M. SALAS RAZO, on his own behalf and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br> v.<br><br> AT&T MOBILITY SERVICES, LLC, a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>         Defendants. | **CASE NO. 1:20-cv-00172-NON-JDP**<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.  Failure to Pay Wages for All Hours Worked;<br>2.  Failure to Pay Overtime Wages;<br>3.  Termination/Final Wages;<br>4.  Wage Statement Violations;<br>5.  Violation of California Business and Professions Code §17200, et seq.;<br>6.  Civil Penalties for Violation of California *Labor Code* §§ 2698, et. seq. ("PAGA")<br>     **DEMAND FOR JURY TRIAL** |

Plaintiff, Anthony Luis M. Salas Razo (hereinafter referred to as "Plaintiff"), hereby submits his Second Amended Class Action Complaint ("SAC") against AT&T Mobility Services, LLC, a Delaware Corporation; and Does 1-100 (hereinafter collectively referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees of Defendants as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under California Labor Code §§ 201-203, 221, 226(a), 226.7, 510, 512, 1174, 1194, 1197, 1197.1, 1199, and 2698 et seq; California Business and Professions Code § 17200, et seq. (Unfair Practices Act).

2. This complaint challenges systemic illegal employment practices committed by Defendant resulting in violations of the California *Labor Code* and the California *Business and Professions Code* against employees of Defendant. Plaintiff seeks unpaid overtime, unpaid meal break premiums, derivative penalties for inaccurate wage statements, and failure to pay all wages due at termination. Plaintiff seeks these unpaid wages and penalties, plus interest and attorney's fees, on behalf of himself and similarly situated employees. Plaintiff also seeks declaratory relief on behalf of himself and similarly situated employees.

3. This is an enforcement action under the Labor Code Private Attorneys General Act of 2004, California *Labor Code* §2698 et seq. ("PAGA") to recover civil penalties and any other available relief on behalf of Plaintiff, the State of California, and former and current non-exempt employees of Defendant AT&T MOBILITY SERVICES, LLC, doing business and employing individuals in California.

4. The California Plaintiff "Class Period" is defined as the time from August 27, 2015 through the date that judgment is entered, based upon information and belief that the violations of the California Labor Code, as described more fully

hereinafter, began long before August 27, 2019 and are continuing. Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

5. Plaintiff seeks relief on behalf of himself and all other aggrieved employees as a result of employment policies, practices and procedures more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendant to pay Plaintiff and all other aggrieved employees all wages due to them. Specifically, wages were often late and failed to reflect all hours. Said employment policies, practices and procedures are generally described as follows:

a.    Defendant failed to pay Plaintiff, members of the Plaintiff Class, and all other aggrieved employees all appropriate wages;

b.    Defendant failed to pay Plaintiff, members of the Plaintiff Class, and all other aggrieved employees all final wages in a timely fashion (California *Labor Code* §§ 201-203); and

c.    Defendant failed to maintain accurate, complete, and readily available records in violation of California *Labor Code* § 1174 and the applicable IWC Wage Order; and

d.    Defendant failed to provide Plaintiff, members of the Plaintiff Class, and all other aggrieved employees with proper wage statements (California Labor Code §226(a)).

6. Plaintiff is informed and believes, and based thereon alleges, Defendant has engaged in, among other things, a system of willful violations of the California *Labor Code* and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

7.    The policies, practices and customs of Defendant described above and below has resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the structures of the California *Labor Code.*

8.  This matter is brought as a class action pursuant to California Code of Civil Procedure §382, on behalf of Plaintiff and the Plaintiff Class, which is defined more specifically below, but which is comprised, generally, of all former and current employees of Defendant AT&T MOBILITY, a Delaware Corporation; who hold or held the job positions which Defendant classified as "non-exempt" at any of Defendant's facilities and/ or stores in California.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this matter pursuant to the provisions of the Class Action Fairness Act and California *Labor Code*.  On information and belief, Defendant is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avail itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

10.    Venue is proper because the Defendant does business in California and in Madera County and the actions that gave rise to this action occurred in Madera County.

## PARTIES

11.    Plaintiff is a resident of Madera County, California.  He is a former hourly employee of Defendant who ceased employment over 30 days ago. He worked at the AT&T Mobility Store located in Madera, California as a Sales Representative for approximately eleven years until he was terminated in June, 2018.

12.    Plaintiff was a victim of the policies, practices and customs of Defendant complained of in this action in ways that have deprived him of the rights

guaranteed to him by California *Labor Code* §§ 201-203, 212, 226a, 256, 510, 1174, 1194, 1197, 1197.1, 1199, 2698-2699, et seq ("PAGA").

13.    Plaintiff is informed and believes, and based thereon alleges, that Defendant AT&T Mobility Services, LLC is a Delaware Corporation doing business in the State of California.  Defendant's corporate address is: 675 West Peachtree St NW, Ste 2756 ST NW,

Atlanta, GA 30308.

14.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendant and DOES 1 through 100, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

15.    As such and based upon information and belief Defendants do business in California, Defendants are subject to California *Labor Code* §§ 201-203, 212, 226a, 256, 510, 1174, 1194, 1197, 1197.1, 1199, and 2699 and 2698 et seq.

16.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

17.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of

all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

18. The other aggrieved employees are likewise current and former non-exempt employees of AT&T, employed by Defendant within the State of California during the Relevant Time Period.

## FACTUAL ALLEGATIONS

19.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

20. Plaintiff and the members of the Plaintiff Class were and are classified by Defendant as non-exempt employees, pursuant to the provisions of the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards.  As non-exempt employees, Plaintiff and all other aggrieved employees are entitled to certain benefits.  In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

21.    Plaintiff and the members of the Plaintiff Class were not provided with proper paychecks nor provided final wages in a timely manner.

22.    Plaintiff and the members of the Plaintiff Class seek unpaid wages, penalties and other compensation from Defendant for the relevant time period because Defendant *inter alia* improperly:

    a.  Failed to pay all wages due;

    b.  Failed to pay Plaintiff and all other aggrieved employees all wages owed at termination; and

    c.  Failed to provide Plaintiff and all other aggrieved employees with proper paychecks pursuant to *Labor Code* § 226.

23. Plaintiff alleges that the following violations occurred on a routine basis to him and all other aggrieved employees during their employment with

Defendants.

**_Unpaid Wages_**

24. Plaintiff alleges that on a routine basis he and all other aggrieved employees received paychecks that miscalculated all wages owed, in violation of the _Labor Code_.

25. For example, Defendants routinely failed to properly calculate the overtime and double time rate of pay.  Specifically, Defendants failed to include its employees' total compensation including bonuses and commissions when calculating the regular rate for the purposes of determining overtime wages owed and thus routinely underpaid employees for overtime wages owed.

26. By way of example, this underpayment is evidenced in Plaintiff's paycheck and accompanying wage statement issued June 13, 2018 and Plaintiff is informed and believes that additional wage statements will reflect this same error.

27. Additionally, Defendants wage statements failed to properly list all hours worked which again resulted in an underpayment of wages including overtime and double time wages to employees.  For example, Plaintiff's wage statement referenced in paragraph 26 above incorrectly reflects that the total hours worked because the hours associated with all of the line items add up to 106.08, but the total hours worked line item only lists 81.98 hours.  This resulted in failure to pay wages for all hours worked at appropriate rates, and overtime violations for work performed over eight (8) hours per day and/or forty (40) hours per week.

28. Moreover, Plaintiff and other aggrieved employees received paychecks without proper wages, as meal period premiums were not paid at the proper rate, and the regular rate of pay was miscalculated, resulting in overtime being paid at an improper rate, in violation of Labor Code.   Specifically, this was evidenced in Plaintiff's paycheck and accompanying wage statement issued June 1, 2018, which shows the untaken meal break premium is paid at Plaintiff's base hourly rate, rather than regular rate of pay; and that the payment labelled "COMMISSION

(MOBILITY)" was not incorporated into Plaintiff's overtime rate. Plaintiff is informed and believes that additional wage statements will evidence improper payments of wages.

***Wage Statement Violations***

29. Plaintiff alleges that on a routine basis he and all other aggrieved employees received wage statements in violation of *Labor Code* §226, as hours and rates were not properly shown on wage statements. Specifically, where there are payments for items such as cash awards, commission, taxable non-cash-awards, miscellaneous payment, or overtime "true up" payments, there are no specific details as to rate or hours in the description or analysis that make up the payment.

30. Upon information and belief, Defendants have knowingly and intentionally failed to comply with Labor Code §226(a) for Plaintiff's and other aggrieved employees' wage statements.

31. Plaintiff further alleges that on a routine basis, Plaintiff and other aggrieved employees received wage statements in violation of Labor Code §226, as premium pay for meal period violations were paid at the Plaintiff's base hourly rate, rather than his regular rate of pay; the total hours listed are incorrect because the hours associated with the wage statement's line items exceed the number of total hours worked listed; and the wage statements list improper overtime rates because Defendant omitted items such as "COMMISSION (MOBILITY)" when calculating its employee's regular rate of pay.

***Defendant's Failure to Pay All Wages Due at Termination of Employment***

32. Defendants' failure to pay for all wages due prior to termination, including the violations discussed above, constitutes violation of California *Labor Code* §§ 201-203.

33. At all times, relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said

employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.   Defendant's failure to pay for all wages earned prior to termination constitutes additional violations of California *Labor Code* §§ 201-203.

34. *Labor Code* § 201, et seq. and § 256 mandate a timeframe by which all earned wages must be paid.  It also creates a penalty equal to the employee's daily wages for each day that the employee's final wages are not paid for a period not to exceed thirty (30) days. Defendants have failed to pay Plaintiff and other employees' wages at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Defendants' failure to provide wages for all hours worked at the proper rate of compensation, itemized wage statements, and wages upon termination/resignation was all done on a regular and consistent basis and is willful.

35. Plaintiff's last day of work was in June 2018, but since such date four additional payments were made with the latest payment made as late as August 2018 well more than thirty (30) days after he ceased employment with Defendant, in violation of *Labor Code* §§ 201, et seq.

36. The late payments consisted of the final payment of wages described as (1) Cash Awards, (2) Commission, (3) Taxable non-cash Awards, (4) Misc. Payment, and (5) recalculation of overtime differential pay.

37. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendant knew or should have known, that all other employees, including Plaintiff, were entitled to receive all wages at appropriate

rates, all overtime at appropriate rates, and all commissions due at the time their employment ceased.

38. Defendant willfully and knowingly failed to pay Plaintiff and all other aggrieved employees, upon termination of employment, all accrued compensation.

***Facts Regarding Willfulness***

39. Plaintiff is informed and believes, and based thereon alleges, that Defendant is and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

40. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendant had a consistent policy or practice of failing to compensate Plaintiff and all other aggrieved employees at appropriate rates and that it knew or should have known these legally appropriate rates.

***Plaintiffs' Exhaustion of Administrative Remedies***

41. Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3.

42. By letter dated May 29, 2019, Plaintiff sent required notice to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

43. More than sixty-five (65) days passed since the date the notice was mailed to Defendants and the LWDA, and Plaintiff received no response from LWDA notifying him they wished to investigate.

## CLASS ACTION ALLEGATIONS

44. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

45. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California <u>Code of Civil Procedure</u> §382.

SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT

The classes which Plaintiff seeks to represent are composed of, and defined as follows:

<u>Plaintiff Class</u>

All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant have classified as "non-exempt" personnel in the State of California. (The Class Period is the period from August 27, 2015, through and including the date judgment is rendered in this matter).

<u>Terminated Sub Class</u>

All members of the Plaintiff Class whose employment ended during the Class Period (The Class Period is the period from August 27, 2015, through and including the date judgment is rendered in this matter).

(collectively "Plaintiff Class" or "Class Members")

46. Plaintiff is informed and believes, and on that basis, alleges, that during the class period, thousands of class members have been employed by Defendant as non-exempt employees in the State of California. Because so many persons have been employed by Defendant in this capacity, the members of the Plaintiff Class are so numerous that joinder of all members is impossible and/or impracticable.

47. Common questions of law, in fact, exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members of the Plaintiff Class. Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

48. Whether Plaintiff and members of the proposed class are subject to and entitled to the benefits of California wage and hour statutes;

49. Whether Plaintiff and members of the Plaintiff Class are entitled to overtime compensation due to Defendant's omission of incentive payments from the regular rate of pay;

50. Whether Plaintiff and members of the Plaintiff Class are entitled to premium payments for missed meal breaks;

51. Whether Defendant unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California <u>Labor Code</u> §226;

52. Whether Defendant unlawfully and/or willfully failed to compensate employees for all hours worked;

53. Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

54. Whether Defendant's conduct as alleged herein violates the Unfair Business Practices Act of California, <u>Bus. & Prof. Code</u> § 17200, *et seq*.

55. The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class.  Plaintiff and the members of the Plaintiff Class sustained losses, injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

56. Plaintiff is an adequate representative of the proposed classes because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intends to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

57. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of

all Class Members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

58. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California Code of Civil Procedure § 382 because:

   a.    The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant, and

   b.    The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

**PAGA REPRESENTATIVE ALLEGATIONS**

59. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

60. Plaintiff brings this action on behalf of himself and all other aggrieved employees. The aggrieved employees are composed of, and defined as follows:

**Aggrieved Employees:**

All employees who were or are employed by Defendant in California as "non-exempt employees" against whom one or more violations of

any provision in Division 2 Part 2 Chapter 1 of the *Labor Code* or any provision regulating hours and days of work in the applicable Industrial Welfare Commission ("IWC") Wage Order were committed, as set forth in this complaint, at any time between one year prior to the filing of this complaint until judgment. As used in this definition, the term "non-exempt employee" refers to those whom Defendant has classified as non-exempt from the overtime wage provisions of the California *Labor Code*.

61. Plaintiff brings this action on behalf of himself and all other aggrieved employees.

62. By letter dated May 29, 2019 required notice to the Labor and Workforce Development Agency ("LWDA") and Defendant of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

63. The LWDA has failed to respond to such notice, and more than sixty-five (65) days have passed since May 29, 2019, the date the notice was mailed to Defendant and the LWDA.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY FOR ALL HOURS WORKED
**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

64. Plaintiff incorporates herein by reference the allegations set forth above.

65. At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendants were required to compensate their hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer, pursuant to the Industrial Welfare Commission Orders and California *Labor Code* §§200, 226, 500, 510, 1197, and 1198.

66.  By their policy of requiring Plaintiff and others to work without receiving compensation for all hours worked at their regular rate, or if in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek, without compensating Plaintiff at the rate of time and one-half  (1 1/2), defendant willfully violated the provisions of Labor Code § 1194.

67.  Plaintiff alleges that on a routine basis that he and the members of the putative class received paychecks that reflected an underpayment of wages. Specifically, Plaintiff alleges that Defendants regularly failed to pay all wages due at appropriate rates of pay.

68.  Additionally, upon information and belief, many times the total hours did not properly calculate on Plaintiff and other employees' paychecks because the hours associated with the wage statement's line items often exceed the number of total hours worked listed.  This resulted in failure to wages for all hours worked, and overtime violations for work performed over eight (8) hours per day and/or forty (40) hours per week.

69. Under the above-mentioned wage order and state regulations, Plaintiff and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with California *Labor Code* § 218.5, and penalties pursuant to California *Labor Code* §203 and 206.

70. Defendant knowingly and willfully refused to perform their obligations to compensate Plaintiffs and the Plaintiff Class for all wages earned and all hours worked, in violation of state law. As a direct result, Plaintiff and the Plaintiff Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligation under state

//

71. law, in accordance with Plaintiff's and the Plaintiff Class' respective damage amounts according to proof at time of trial.

72. Defendant committed such actions alleged knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Plaintiff Class, from improper motives amounting to malice, and in conscious disregard of Plaintiff's and the Plaintiff Class' rights.

73. Plaintiff and the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at the time of trial.

74. As a proximate result of the above-mentioned violations. Plaintiff and the Plaintiff Class have been damaged in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

75. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

76. California <u>Labor Code</u> § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California <u>Labor Code</u> § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California <u>Labor Code</u> § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

//

77.Defendant have failed and refused to pay to Plaintiff and each member of the plaintiff class all overtime wages due to them in compliance with California Labor Code including, but not limited to, failing to pay all overtime accrued.  Based upon information and belief, Plaintiff and the other members of the plaintiff class were not always paid overtime at the proper rate when they worked in excess of eight (8) hours in a given day.

78.As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and each member of the plaintiff class has been deprived of overtime wages due in amounts to be determined at trial.

79.The applicable overtime requirements fixed by the commission for Plaintiff and the plaintiff class, are found in Wage Order 5-2001.

80.Pursuant to California Labor Code §§ 1194 and 1194.2 as a result of Defendant's failure to pay Plaintiff and the members of the plaintiff class all overtime wages due, Plaintiff and members of the plaintiff class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY WAGES AT TIME OF

## TERMINATION (California *Labor Code* §§ 201-203)

### (By Plaintiff and Members of the Terminated Sub Class Against

### Defendant)

81.Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

82.At all times, relevant herein, Defendant was required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California Labor Code §§ 201-203.

83.   Plaintiff's last day of work was in June 2018, but since such date four additional payments were made with the latest payment made as late as August

2018 well more than 30 days after he ceased employment with Defendant, in violation of Labor Code sections 201, et seq.

84.    The late payment included final payment of wages, Cash Awards, Commission, Taxable non-cash Awards, Misc. Payment and recalculation of overtime differential pay.

85.Plaintiff alleges that as a pattern and practice, Defendant regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages pursuant to California <u>Labor Code</u> §§ 201-203, and accordingly owe waiting time penalties pursuant to California <u>Labor Code</u> § 203.

86.The conduct of Defendant and its agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the individual members of the Terminated Sub Class.

87.Plaintiff is informed and believes, and based thereon alleges, that Defendant's willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and class members who have separated from employment are entitled to compensation pursuant to California <u>Labor Code</u> § 203.

**FOURTH CAUSE OF ACTION**
**<u>FAILURE TO FURNISH AN ACCURATE ITEMIZED WAGE</u>**
**<u>STATEMENT IN VIOLATION OF CAL. LABOR CODE § 226</u>**
**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

88.Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

89.California <u>Labor Code</u> § 226(a) sets forth reporting requirements for employers when they pay wages, as follows: "[e]very employer shall ... at the time of each payment of wages, furnish his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the

employee.... (5) net wages earned … (8) the name and address of the legal entity that is the employer… (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.". Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

90.    Upon information and belief, Defendants have knowingly and intentionally failed to comply with Labor Code §226(a) for Plaintiff's and other aggrieved employees' wage statements. Specifically, where there are payments for items such as cash awards, commission, taxable non-cash-awards, miscellaneous payment, or overtime "true up" payments, there are no specific details as to rate or hours in the description or analysis that make up the payment.

91.    Plaintiff further alleges that on a routine basis, Plaintiff and other aggrieved employees received wage statements in violation of Labor Code §226, as premium pay for meal period violations were paid at the employee's base hourly rate, rather than regular rate of pay; total hours are incorrect because the hours associated with the wage statement's line items often exceed the number of total hours worked listed;  and the wage statements list improper overtime rates because Defendant omitted items like "COMMISSION (MOBILITY)" when calculating its employee's regular rate of pay.

92.    These wage statement violations make it difficult to determine how much Plaintiff and other aggrieved employees are currently owed.

93. The issues mentioned above also resulted in Defendant failing to accurately report the gross wages earned and the net wages earned by Plaintiff and the Class members on their wage statements.

94. Plaintiff and Class members request recovery of California Labor Code § 226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California Labor Code § 226(e), in a sum as provided by the Labor Code and/or other statutes.

95. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF CALIFORNIA
## *BUSINESS AND PROFESSIONS CODE* SECTION 17200, *et seq.*
### (By Plaintiff and the Members of the Plaintiff Class Against All Defendants)

96. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

97. Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

98. Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendant' actions.

99. The actions by Defendant as herein alleged amount to conduct which is unlawful and a violation of law. As such, said conduct amounts to unfair business practices in violation of California Business and Professions Code § 17200, *et seq*.

100. Defendant' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, by failing to provide proper wage statements, and by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendant' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

101.   Because of such conduct, Defendant have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the plaintiff class.

102.   All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendant. The amount of wages due Plaintiff and members of the Plaintiff Class can be readily determined from Defendant' records.  The Class Members are entitled to restitution of monies due and obtained by Defendant during the Class Period as a result of Defendant' unlawful and unfair conduct.

103.   During the Class Period, Defendant committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq*., of the <u>Business and Professions Code</u>, by and among other things, engaging in the acts and practices described above.

104.   Defendant' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the <u>Business and Professions Code</u>.

105.   The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendant' policies and practices and, therefore, Defendant' actions described herein constitute an unfair business practice or act within the meaning of <u>Business and Professions Code</u> § 17200.

106.   Defendant' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

107.   Defendant' course of conduct described herein further violates California <u>Business and Professions</u> Code § 17200 in that it is fraudulent, improper, and unfair.

108.   The unlawful, unfair, and fraudulent business practices and acts of

Defendant as described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

**SIXTH CAUSE OF ACTION**

**<u>VIOLATION OF CALIFORNIA *LABOR CODE* §§ 2698, *et seq*. (PAGA)</u>**

**(Against Defendant on behalf of Plaintiff and the other Aggrieved Employees)**

109.    Plaintiff incorporates all preceding paragraphs as though fully set for herein.

110.    PAGA permits Plaintiff to recover civil penalties for the violation(s) of the *Labor Code* sections enumerated in California *Labor Code* § 2699.5.

111.    Defendant's conduct, as alleged herein, violates numerous sections of the California *Labor Code* including, but not limited to, the following:

a.    Defendant failed to pay Plaintiff and all other aggrieved employees all final wages in a timely fashion (California *Labor Code* §§ 201-203);

b.    Defendant failed to provide Plaintiff and all other aggrieved employees with proper wage statements (California *Labor Code* § 226); and

c.    Defendant failed to maintain accurate records of work performed by Plaintiff and all other aggrieved employees (California *Labor Code* § 1174).

112.    California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California *Labor Code* §1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

113.    California *Labor Code* § 226(a) sets forth reporting requirements for employers when they pay wages, as follows:

"Every employer shall . . . at the time of each payment of wages, furnish

his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . .. (4)  all deductions . . . (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid,  (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number . . .(8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer."

Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

114.  California *Labor Code* § 1174 provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…"

115.  California *Labor Code* §204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any

calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.  California *Labor Code* § 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

116.    During the relevant time period, Defendants failed to pay Plaintiff and the aggrieved employees all wages due to them including, but not limited to, overtime wages, all wages due, within any time period specified by California *Labor Code* §204.

117.    California *Labor Code* § 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." *Labor Code* § 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

118.    Defendant, at all times relevant to this complaint, was an employer or person acting on behalf of an employer(s) who violated Plaintiff and other he aggrieved employees' rights by violating various sections of the California *Labor*

*Code* as set forth above.

119.   As set forth above, Defendant has violated numerous provisions of both the *Labor Code* sections regulating hours and days of work as well as the applicable order of the IWC.  Accordingly, Plaintiff seeks the remedies set forth in California *Labor Code* § 558 for himself, the State of California, and all other aggrieved employees.

120.   Pursuant to PAGA, and in particular California *Labor Code* §§ 2699(a), 2699.3, 2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendant, in addition to other remedies, for violations of California *Labor Code* §§ 201, 202, 203, 226, 1174, and 1198.

121.   Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* §2699.3 and SB 836.  By letter dated May 29, 2019 Plaintiff, on behalf of himself and the other aggrieved employees, pursuant to California *Labor Code* §2699.3 and SB 836, gave written notice by electronic submission to the Labor and Workforce Development Agency ("LWDA") and certified mail to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

122.   More than sixty-five (65) days have passed since the May 29, 2019 notice to the LWDA and no response has been received.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the other aggrieved employees, prays for judgment against Defendant as follows:

1.   For penalties as permitted by the California *Labor Code*, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, for penalties permitted by California

1    *Labor Code* §§ 2698-2699;

2         2.    For interest as permitted by statute, including *Labor Code* § 218.6;

3         3.    For costs of suit and expenses incurred herein as permitted by statute,

4    including California *Labor Code* §§ 226(a);

5         4.    For attorneys' fees as permitted by statute, including California *Labor*

6    *Code* §§ 226(a); and

7         5.    For all such other and further relief that the Court may deem just and

8    proper.

9

10   DATED: July 30, 2020          **BRADLEY/GROMBACHER, LLP**
                                    **LAW OFFICES OF SAHAG MAJARIAN II**

11

12                                 By:  */s/ Marcus J. Bradley*

13                                       Marcus J. Bradley, Esq.
                                         Kiley L. Grombacher, Esq.

14                                       Lirit A. King, Esq.

15                                       Sahag Majarian, Esq.
                                         Attorneys for Plaintiffs

16

17                            **JURY DEMAND**

18        Plaintiff demands a trial by jury on all issues so triable as a matter of

19   right.

20   DATED:  July 30, 2020         **BRADLEY/GROMBACHER, LLP**
                                    **LAW OFFICES OF SAHAG MAJARIAN II**

21

22

23                                 By:  */s/ Marcus J. Bradley*

24                                       Marcus J. Bradley, Esq.
                                         Kiley L. Grombacher, Esq.

25                                       Lirit A. King, Esq.

26                                       Sahag Majarian, Esq.
                                         Attorneys for Plaintiffs

27

28