UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS M. SALAS RAZO, *on his own behalf and on behalf of all others similarly situated*, | Case No. 1:20-cv-00172-NONE-JDP |
| | SCHEDULING ORDER |
| Plaintiffs, | Initial Disclosures: October 14, 2020 |
| v. | Non-expert Discovery Cutoff: March 15, 2022 |
| AT&T MOBILITY SERVICES, LLC, | |
| Defendant. | Expert Disclosure: February 8, 2022 |
| | Rebuttal Expert Disclosure: March 8, 2022 |
| | Expert Discovery Cutoff: April 12, 2022 |
| | Non-Dispositive Motion Deadline: June 3, 2022 |
| | Dispositive Motion Deadline: July 1, 2022 |
| | Telephonic Status Conference: August 5, 2022 10:00 A.M. |

This court conducted a scheduling conference on September 21, 2020. Counsel Lirit King appeared by telephone on behalf of plaintiffs. Counsel Raymond Bertrand appeared by telephone on behalf of defendant. Under Fed. R. Civ. P. 16(b), this court sets a schedule for this action. Should any party wish to modify or supplement the schedule provided here, that party should contact the court by ordinary means to request a modification, such as a change related to class certification and discovery.

1

**1. Fed. R. Civ. P. 26(a)(1) Initial Disclosures**

Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will be completed by October 14, 2020.

**2. Discovery Cutoffs and Limits**

Initial expert witness disclosures shall be served no later than February 8, 2022. Rebuttal expert witness disclosures by any party shall be served no later than March 8, 2022. Such disclosures must be made pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this court will enforce preclusion of testimony or other evidence if Fed. R. Civ. P. 26(e) is not strictly complied with.

All non-expert discovery, including motions to compel, shall be completed no later than March 15, 2022. All expert discovery, including motions to compel, shall be completed no later than April 12, 2022. Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

Depositions in this case may be taken by remote means, though counsel are expected to revert to in-person means should it become possible.

**3. Pretrial Motion Schedule**

All non-dispositive pre-trial motions (other than motion to compel) shall be served and filed on or before June 3, 2022. All dispositive pre-trial motions shall be served and filed on or before July 1, 2022. Non-dispositive motions are heard on Fridays at 10:00 a.m., before the Honorable Jeremy D. Peterson, United States Magistrate Judge, in Courtroom 6. Given the expected change in assigned magistrate judges, the parties may need to confirm motion hearing

1  times and locations. Before scheduling motions, the parties shall comply with Local Rule 230 or
2  Local Rule 251.
3        Counsel must comply with Local Rule 251 with respect to discovery disputes or the
4  motion will be denied without prejudice and dropped from calendar. In addition to filing a joint
5  statement electronically, a copy of the joint statement shall also be sent Judge Peterson's
6  chambers by email to jdporders@caed.uscourts.gov. Counsel for the parties are additionally
7  required to conduct at least one telephonic or in-person conference as part of their obligations to
8  meet and confer in good faith to resolve their discovery dispute prior to seeking judicial
9  intervention. The parties are further cautioned that boilerplate objections to written discovery
10 will be summarily denied.
11       Upon stipulation of the parties, Judge Peterson will resolve discovery disputes by informal
12 telephonic conference outside the formal procedures of the Local Rules and Federal Rules of
13 Civil Procedure governing noticed motions to compel. The procedures for requesting an informal
14 telephonic conference are set forth in Judge Peterson's Civil Procedures located on the court's
15 website, http://www.caed.uscourts.gov. If the parties stipulate to an informal ruling on a
16 discovery dispute that arises during a deposition, they may request an informal ruling during the
17 deposition by contacting Judge Peterson's Courtroom Deputy, Kirstie Dunbar-Kari, by telephone
18 at (209) 372-8917.
19       The parties are advised that unless prior leave of the court is obtained, all moving and
20 opposition briefs or legal memoranda in civil cases before Judge Peterson shall not exceed
21 twenty-five pages. Reply briefs by the moving party shall not exceed ten pages. These page
22 limitations do not include exhibits. Briefs that exceed this page limitation, or are sought to be
23 filed without leave, may not be considered by the court.
24       Counsel or pro se parties may appear for argument on non-dispositive motions before
25 Judge Peterson by telephone by dialing the court's teleconference line at 1-888-204-5984 and
26 entering Access Code 4446176, provided that they indicate their intent to appear telephonically in
27 their pleadings or by email to jdporders@caed.uscourts.gov at least one week prior to the hearing.
28

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts.  In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above and set forth a statement of good cause for the failure to meet and confer.

**4. Pretrial Conference and Trial**

The Eastern District of California is in a judicial crisis.  At the moment, no new civil trial dates are being set.  The court will, however, set a status conference before the assigned magistrate judge on August 5, 2022.  The parties should use the dial-in 888-204-5984 and the passcode 4446176.  The court may convert this status conference to a pretrial conference if circumstances allow.

**Effect of This Order**

This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.

The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:    September 21, 2020                                   _____
UNITED STATES MAGISTRATE JUDGE

No. 205.

5