UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS M. SALAS RAZO, *on his own behalf and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY SERVICES, LLC,<br><br>Defendant. | Case No. 1:20-cv-00172-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION TO APPOINT INTERIM CLASS COUNSEL[1]<br><br>(Doc. No. 24)<br><br>SEVEN-DAY OBJECTION PERIOD |

**INTRODUCTION**

Pending is Plaintiff's Motion to Appoint Interim Class Counsel under Fed. R. Civ. P. 23(g). (Doc. No. 24, "Motion"). Plaintiff seeks the appointment of his counsel, Bradley/Grombacher, LLP, as interim class counsel in this action in order to protect the rights of the putative class members. (*See generally Id.*). Plaintiff charges a competing action, *Wallack et. al v. AT&T Mobility*, Case No. CIVSB2117915, San Bernardino Superior Court ("*Wallack*"), is a reverse auction aimed at "gutting this case" thus necessitating the appointment of interim Class counsel to protect the rights of the putative class. (*Id*. at 10). Attached to the Motion is the supporting declaration of Attorney Kiley L. Grombacher. (Doc. No. 24-1). Plaintiff also submits

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2019).

a request for judicial notice. (Doc. No. 25).  Defendant AT&T filed an Opposition to the Motion. (Doc. No. 29).  Plaintiff filed a Reply.  (Doc. No. 33).  This matter is fully briefed.  For the reasons that follow, the undersigned recommends the district court GRANT the Motion.

## JUDICIAL NOTICE

Initially the Court addresses Plaintiff's request for judicial notice.  This Court may "judicially notice" facts and documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  This encompasses other court proceedings "if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

Plaintiff requests the Court take judicial notice of the proceedings in *Wallack et. al v. AT&T Mobility*, Case No. CIVSB2117915, San Bernardino Superior Court.  (Doc. No. 25). Plaintiff submits the following state court filings for this Court's judicial notice:

- Exhibit A: the complaint in *Wallack et al. v. AT&T Mobility* (San Bernardino Superior Court (Case No. CIVSB2117915).
- Exhibit B: the notice of motion for preliminary approval and memorandum of points of authorities filed in the *Wallack* action.
- Exhibit C: the declaration of Edward J. Wynne (counsel for the plaintiffs in the *Wallack* action) in support of the *Wallack* plaintiffs' motion for preliminary approval.  The *Wallack* Settlement Agreement is attached as Exhibit 1 to the Wynne declaration. The proposed class notice is attached as Exhibit A to the settlement agreement.
- Exhibit D: the declaration of Gregg Shavitz (counsel for the plaintiffs in the *Wallack* action) in support of the *Wallack* plaintiffs' motion for preliminary approval.
- Exhibit E: the declaration of Plaintiff Samuel Wallack in support of the *Wallack* plaintiffs' motion for preliminary approval.
- Exhibit F: the declaration of Plaintiff Miguel Garcia in support of the *Wallack* plaintiffs' motion for preliminary approval.

- Exhibit G: the declaration of Plaintiff Marbella Baltazar in support of the *Wallack* plaintiffs' motion for preliminary approval.
- Exhibit H: the declaration of Plaintiff Gonzalo Nurena in support of the *Wallack* plaintiffs' motion for preliminary approval.
- Exhibit I: the declaration of Plaintiff Jonny Dagher in support of the *Wallack* plaintiffs' motion for preliminary approval.
- Exhibit J: the declaration of Plaintiff Sean Voight in support of the *Wallack* plaintiffs' motion for preliminary approval.
- Exhibit K: the proposed order filed by the *Wallack* plaintiffs in support of their motion for preliminary approval.

These documents' accuracy is self-evident. Accordingly, the Court takes judicial notice of the above documents filed in *Wallack et al. v. AT&T Mobility* (San Bernardino Superior Court (Case No. CIVSB2117915).

**BACKGROUND AND ARGUMENT**

**A. Procedural History**

This putative class action was initiated on August 27, 2019 in the Superior Court of California in and for Madera County by counsel from the firm Bradley/Grombacher, LLP on behalf of Plaintiff Luis M. Salas Razo. (Doc. No. 1-4 at 5-16). The named Plaintiff, Luis M. Salas Razo, is a former hourly, non-exempt employee of Defendant who worked at an AT&T mobility store in Madera, California, as a sales representative for eleven years until his employment was terminated in June 2018. (*Id*.). On January 31, 2020, Defendant AT&T removed the case to this court. (Doc. No. 1). Until yesterday, Plaintiff was is proceeding on his Second Amended Complaint ("SAC"), filed on July 30, 2020, which sets forth the following six causes of action: (1) failure to pay wages for all hours worked; (2) failure to pay overtime wages; (3) failure to pay all wages due at termination of employment; (4) failure to provide timely, accurate wage statements; (5) violation of California Business and Professions Code § 17200, *et. seq*., and (6) civil penalties for violation of California Labor Code §§ 2698, *et. seq*. (Doc. No. 9). Plaintiff asserts the primary claim in this putative class action challenges AT&T's failure to pay

1  meal and rest period premiums at the employee's regular rate which was recently decided by the
2  California Supreme Court on July 15, 2021 in *Ferra v. Lowes Hollywood*, LLC, 11 Cal. 5th 858
3  (2021).  (Doc. No. 24 at 9).
4       On August 13, 2020, Defendant AT&T moved to dismiss the SAC or alternatively stay
5  the action.  (Doc. No. 10).  Plaintiff timely opposed the motion to dismiss on August 25, 2020.
6  (Doc. No. 11).  Defendant AT&T filed its reply on September 8, 2020.  (Doc. No. 15).  On
7  October 14, 2021, the Court denied Defendants' motion to dismiss or stay in its entirety and
8  permitted Plaintiff thirty days to file a Third Amended Complaint to address the issue of a prayer
9  for damages in connection with his wage statement claim.  (*See generally* Doc. No. 38).   Plaintiff
10 promptly filed his Third Amended Complaint ("TAC") maintaining the same six-claims alleged
11 in the SAC but amending the prayer for relief.  (*See* Doc. No. 39).

**B. Plaintiff's Argument in Support of Motion**

13      As noted *supra*, Plaintiff's primary concern for seeking appointment of interim class
14 counsel is to protect the rights of the putative class in light of the proposed settlement pending the
15 *Wallack* action, which Plaintiff submits is "a clandestine and collusive proposed reverse auction
16 settlement."[2]  (*Id*. at 7).  A reverse auction occurs when "the defendant in a series of class actions
17 picks the most ineffectual class lawyers to negotiate a settlement with the hope that the district
18 court will approve a weak settlement that will preclude other claims against the defendant."
19 *Reynolds v. Beneficial Nat'l Bank,* 288 F.3d 277, 282 (7th Cir.2002).  Such maneuvering "has an
20 odor of mendacity about it."  *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1099 (9th
21 Cir. 2008).  Plaintiff argues that the settlement in *Wallack*, if approved, will foreclose the right to
22 relief pursued by the putative class in the instant action, including the meal and rest break
23 violations recently validated by *Ferra*.  (Doc. No. 24 at 7).  Plaintiff sets forth the following facts
24 and allegations to support the characterization of the *Wallack* action as collusive.

---

[2] In addition to the instant action, the *Wallack* settlement proposes to also resolve class claims in *Natasha Ayala et. al. v. AT&T Mobility Services*, *LLC.*, Case No. 2:18-cv-08809 (C.D. Cal.); *Cristian A de la Torre v. AT&T Mobility Services, LLC*, (Cal. Superior Court, Cnty San Diego); *Luis Adrian Elizondo v. AT&T Mobility Services,* Case No. CVSW2102973 (Cal. Superior Court, Cnty of Riverside). (Doc. No. 24 at 7, n. 1).

4

First the timing and circumstances surrounding the filing of the *Wallack* action. The complaint in *Wallack* was filed in California state court on June 22, 2021, *after* the parties had secretly reached a settlement on March 29, 2021. (Doc. No. 24 at 13, Grombacher Decl. ¶ 9). The complaint in *Wallack* was filed nearly 2 years *after* Plaintiff commenced this action in state court and 1 1/2 years *after* Defendant AT&T removed the instant case to this Court. (*See generally* docket; *see also* Doc. No. 24 at 7). Plaintiff points out the complaint in *Wallack* did not include a claim for the *Ferra* improper payment of meal and rest period premiums. (Doc. No. 24 at 9). Plaintiff further contends *Wallack* counsel did not even consider *Ferra* claims until the filing of their motion for preliminary approval of settlement on August 11, 2021. (*Id.*). Thus, by implication, the proposed settlement could not have included that claim. Plaintiff submits *Wallack* counsel has greatly undervalued the value of the putative class claims. (*Id.* at 16-18). In detail, Plaintiff provides estimates of the potential value of certain of the *Wallack* individual claims ($21,168,000 "to release minimum wage claims for work performed off the clock"; $33,868,800 for "meal and rest periods and . . . premium compensation for each day that meal and rest period was not provided"; $31,752,000 for "waiting time penalties") and argues the proposed settlement ($4,040,000, of which $1,346,666 is to be set aside for attorney fees and costs) is not only disproportionate to these three identified groups of claims, but fails to account for the additional pled claims, including "unpaid overtime," "failure to pay wages during employment," "failure to pay sick leave," and "failure to maintain required records" *inter alia*. (*Id.* at 17). Most significant, Plaintiff urges is the fact that *Wallack* does not include the value of the *Ferra* claim, which was unpled, but settled. (*Id*).

Plaintiff also points to the alleged clandestine actions by defense counsel. At no time prior to August 25, 2021 did Defendant AT&T disclose the existence of the *Wallack* action in apparent violation of Eastern District of California Local Rule 123(b). (*Id.*). And Plaintiff only learned of *Wallack* during a discovery meet and confer to resolve a discovery dispute—namely Defendant's refusal to provide class-wide discovery, including pay policies, compensation data and deposition testimony so the Plaintiff could timely file its class certification motion. (Doc. No. 24 at 14; Grombacher Decl. ¶ 9; *see also* Docs. Nos. 30, 31). Indeed, on August 18, 2021,

just one week before Defendant disclosed *Wallack* to Plaintiff's counsel, Defendant's counsel signed a stipulation representing to this Court that "[p]arties have been actively engaged in the certification motion related discovery process, meeting and conferring regarding the proper scope of discovery written discovery as well as deposition dates for the Defendant's witnesses pursuant to F.R.C.P. 30(b)(6)" in order to extend the proposed class certification briefing schedule before this Court.  (*See* Doc. Nos. 22, 23).  Yet, on August 11, 2021, one week before stipulating to the extension and representing that the parties were "actively" engaged in discovery, Defendant had already submitted a motion for preliminary approval of the class action settlement in the *Wallack* action to the Superior Court in San Bernardino.  (Doc. No. 25-3).

Plaintiff further suggests the proposed settlement in *Wallack* is a "windfall" to *Wallack*'s counsel, and refers the Court to dicta in an opinion from our sister court in resolving a motion to distribute competing attorney fees in a settled class action in which *Wallack*'s counsel was discharged.  (Doc. No. 24 at 8).  The Court need not determine the adequacy or alleged motives of the *Wallack* counsel for purposes of ruling on the instant Motion.

### C. Defendant's Argument in Opposition

Defendant prefaces its opposition by lodging an attack on counsel's motive in moving for appointment as interim class counsel.  (Doc. No. 29 at 5).  Again, the Court does not concern itself with conjecture, but limits itself to the law and facts.  Notably, Defendant does not address the Rule 23(g) factors and instead focuses on the propriety of appointing interim class counsel in the current case.  (*See generally* Doc. No. 29).  Defendant contends that the circumstances in the present action do not warrant the type of special circumstances that must be demonstrated to appoint interim class counsel, such as where there is consolidation of competing actions or multiple counsel seeking appointment.  (*Id*.at 5, 13).

Defendant argues Plaintiff produces no "evidence that *Wallack* threatens the putative class's interests" and contends Plaintiff's counsel let the instant case go stagnant.  (*Id.*).  Defendant denies *Wallack* is a reverse auction insisting it was an arm's length negotiated settlement.  Defendant states the *Wallack* case was sparked by an October 12, 2020 demand letter and the settlement was the culmination of ten months of discovery and a full day of mediation

1 with retired Superior Court Judge Gail Andler. (*Id*. at 7; citing Doc. No. 25-3, 14:20-27).

2 Defendant AT&T further states it had no obligation to disclose the *Wallack* matter to
3 Plaintiff and indeed elected not to disclose the case to Plaintiff to "avoid the appearance of a
4 reverse auction." (*Id*. at 9). And Defendant admits it was "for the same reasons" it did not
5 disclose the *Wallack* matter to this Court or disclose it in its Notice of Related Cases, further
6 suggesting it was not obliged to provide this Court with notice under Local Rule 123 because the
7 rule requires only cases pending in the Eastern District of California be noticed.[3] (*Id*., fn. 5).

8 Defendant explains the *Wallack* settlement specifically carved out Razo, including other
9 named plaintiffs from the other pending class actions, because they were represented by other
10 counsel. (*Id.* at 8). Defendant argues appointment of interim class counsel is not necessary
11 because Plaintiff may nonetheless move to intervene in the *Wallack* matter.

12 Finally, Defendant argues appointment of interim counsel violates principles of comity
13 and federalism when appointing class counsel "for several related but unconsolidated class
14 actions." (*Id*. at 13). Relying on *Younger v. Harris*, 401 U.S. 37, 43 (1971), Defendant argues
15 that state courts must be able to try state cases without the federal court interference. (*Id.* at 14).
16 And Defendant submits that granting Plaintiff's motion to appoint interim class counsel would
17 essentially result in unwanted federal court interference with the pending state court action in
18 violation of *Younger* and the principles of comity because Plaintiff's counsel would then have
19 standing to speak on behalf of Plaintiff and the putative class in the state court litigation. (*Id.*).

20 **STANDARD OF REVIEW AND ANALYSIS**

21 **A. Need to Protect Putative Class**

22 Appointment of interim class counsel is permissible and within the Court's discretion.
23 Federal Rule of Civil Procedure 23(g)(3) specifically recognizes a court "may designate interim
24 counsel to act on behalf of a putative class before determining whether to certify the action as a
25 class action." The courts have found "[i]nstances in which interim class counsel is appointed are

---

[3] Defendant AT&T's Notice of Related Case filed earlier in this action belies AT&T's alleged misunderstanding of Local Rule 123. (*See* Doc. No. 2 where Defendant identifies the *Ayala* pending in the Central District of this Court as "related to this case within the meaning of Local Rule 123").

7

those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Dependable Component Supply Corp. v. Murata Mfg. Co.*, No. 5:18-CV-00198-EJD, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)); *see also In re Seagate Technology LLC* Litigation, 2016 WL 3401989 *2 (N.D. Cal. June 21, 2016). As discussed *infra*, appointment of interim class counsel, however, is not limited to cases where competing or overlapping cases are consolidated before a court. Furthermore, although the cases discussed herein involve similar issues of law and fact, consolidation is not an option because the *Wallack* action is pending in state court and the *Ayala* case is pending before the Central District. *See* Fed. R. Civ. P. 42(a). Similarly, Defendant AT&T's argument that Razo has other avenues to voice objection to the settlement in the *Wallack* case is not persuasive. The *Wallack* settlement carved out the named plaintiff Razo, so Razo does not have standing to object in the pending state action. *See e.g In re American Intern. Group, Inc. v. Securities Litigation*, 916 F.Supp.2d 454 (S.D. N.Y. Jan. 7. 2013)(noting a non-party to federal security class action, who was neither a member of the settlement class nor a representative of any member, did *not* have independent grounds for standing to object to proposed settlement and further discussing standard for mandatory verses permissive intervention); *see also Torliatt*, 2020 WL 10964876 *4 (discussing carved-out class members lack of standing to object). Admittedly, Section 387 of the California Code of Civil Procedure permits a nonparty to intervene in a pending case as a right or permissively, if certain criteria are met. Cal. Civ. Proc. Code § 387. Because Section 387 was modeled after Federal Rule 24, the California courts look to federal authority for guidance and recognize the manner of intervention, i.e., whether as a right or permissive, brings with it certain restrictions. See *Carlsbad Police Officers Ass'n v. City of Carlsbad*, 49 Cal. App. 5th 135, 151–52, 262 Cal. Rptr. 3d 646, 659 (2020). Thus, "[u]nlike the permissive intervener, the intervener of right has 'an interest at stake which the other parties will not fully protect, and which the intervenor can fully protect only by joining the litigation.'" *Id.* (quoting *Stringfellow v. Concerned Neighbors in Action* 480 U.S. 370, 382 n. 1 (1987) (conc. opn. of Brennan, J.).) Thus,

"although courts may impose reasonable conditions of intervention, a [ ] court 'has less discretion to limit the participation of an intervenor of right than that of a permissive intervener.'" (*Id.*). And the decision whether to permit intervention for a non-party solely falls within the discretion of the state court. *See Starks v. Vortex Industries, Inc.*, 2020 WL 5015248 (Cal.2d.Dist. 2020); *see also Edwards v. Heartland Payment Systems, Inc.*, 240 Cal.Rptr.3d 815 (2018) (denying non-party's motion to intervene on employment claims).

Defendant AT&T's argument that appointment of interim class counsel in this case violates *Younger v. Harris*, 401 U.S. 37 (1971) is also unavailing.  A federal court's obligation to hear and decide a case is virtually unflagging, but *Younger* presents an exception to that rule. *Arevalo v. Hennessy*, 882 F.3d 763 (9th Cir. 2018).  In *Younger*, the Supreme Court held that a federal court generally cannot interfere with pending state criminal proceedings. *Younger*, 401 U.S. at 46.  The *Younger* abstention doctrine applies to civil and criminal proceedings, is based on the principle of federal-state comity, and is appropriate when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901–902 (9th Cir. 2019) (quoting *Arevalo*, 882 F.3d at 765 (alterations and internal quotation marks omitted)).  Even assuming *arguendo* that *Younger* applies (not conceded), federal courts do not abstain if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Arevalo*, 882 F.3d at 766 (citing *Middlesex Cty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).  And, critical to the *Younger* analysis is the date the federal action is filed. *Id.* at 767.

Here, appointment of interim class counsel would not have the practical effect of enjoining the state judicial proceeding.  Instead, appointment of interim class counsel will help protect the interests of the putative class identified in this case, not included in the *Wallack* complaint, but apparently grouped in the settlement of the state court action.  Moreover, the instant case was pending in this Court *before* the *Wallack* action was filed in state court.

Whether to appoint interim class counsel for a non-party to intervene in a state action was recently addressed in *Torliatt v. Ocwen Loan Servicing, LLC*, 2020 WL 10964876 (N.D. Cal. Oct. 2, 2020), a case factually similar in many respects to the instant case. Therein, the district court rejected the notion that interim class counsel may only be appointed when there is rivalry between counsel or inadequate counsel. *Id.* at *4. The court granted the motion to appoint interim class counsel, noting the importance of safeguarding of putative class members' rights when a settlement in a competing class action that had carved out certain plaintiffs, thereby effectively precluding those plaintiffs' ability to object to the settlement. (*Id.*) (citations omitted). The *Torliatt* court found significant the fact that the named plaintiff was carved out of the competing claim and concluded appointment of interim counsel was necessary so that counsel could intervene in the competing action to protect the putative class from a proposed settlement would extinguish the putative class claims. Thus, key in determining the appropriateness of appointing interim class counsel is whether a putative class may suffer from an inability to object to proposed settlement in another action.

Here, like the plaintiff in *Torliatt,* Razo was carved out of the *Wallack* class. Plaintiff demonstrates that a large portion of the putative class at issue in this case will have its rights impacted by the *Wallack* settlement. Plaintiff does not make vague or unsubstantiated claims. Instead, Plaintiff points to the fact the *Wallack* plaintiffs released the *Ferra* claims thereby harming the class. (Doc. No. 24 at 18-19). A review of the record confirms the *Wallack* complaint does not appear to raise *Ferra* claims. (*See* Doc. No. 25-1 at 1)(listing *Wallack* class claims as: (1) failure to provide required meal periods; (2) failure to provide required rest periods; (3) failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to timely pay wages during employment; (6) failure to provide paid sick leave; (7) failure to pay all wages due to discharged and quitting employees; (8) failure to maintain required records; (9) failure to furnish accurate, itemized wage statements; (10) unfair and unlawful business practices); (*see also* Doc. No. 25-2 at 22)(setting forth all cases impacted by the *Wallack* settlement agreement, including the release of the *Ferra* claims raised in *Razo*, but carving out Plaintiff Razo specifically). Thus, Plaintiff's concern regarding the settlement applying to the *Ferra* claims

appears to be meritorious.

Additionally, Plaintiff provides specific estimates to support its contention that the proposed $4 million *Wallack* settlement is "grossly inadequate." (Doc. No. 24 at 16 disputing the Wallack counsels' $12 million estimate of the verdict value of certain claims and estimating the actual verdict closer to $42 million when considering total workweeks, pay rates, the number of class members, and the entitlement to liquidated damages). Defendant does not dispute Plaintiff's estimates or arguments in this regard, other than stating counsel for plaintiffs in *Wallack* are adequately representing and protecting the class. (Doc. No. 29). While an early settlement reduces litigation expenses and provide for certainty, "[c]lass actions certified solely for settlement, particularly early in the case, sometimes make meaningful review more difficult and more important." Manual for Complex Litigation (Fourth) § 21.612 at 313 (2004). Judicial scrutiny of the proposed *Wallack* settlement rests not with this Court, but with the San Bernardino Superior Court. *See, Christensen v. CLP Res., Inc.*, 2015 WL 13764185 at *3 (C.D. Cal. Nov. 16, 2015) ("alleged gamesmanship in pursuing settlements" is appropriate for court reviewing settlement). Nevertheless, of importance here is whether to appoint interim class counsel. Based upon credible facts alleged and the exclusion of Razo from the *Wallack* settlement, the undersigned concludes the interests of the putative class may suffer if interim class counsel is not appointed and this matter necessitates appointment of interim class counsel.

**B. Whether Appointment of Bradley/Grombacher, LLP is Appropriate**

Finding that appointment of interim class counsel is necessary under the circumstances of this case, the Court now turns to whether Bradley/Grombacher, LLP is appropriate as class counsel. Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, courts consider the same factors in Federal Rule of Civil Procedure 23(g)(1) applicable to choosing class counsel as appropriate in appointing interim counsel. Under that section, the court:

> (g)(1)(A) *must* consider:
>
> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

11

      (iii) counsel's knowledge of the applicable law; and

      (iv) the resources that counsel will commit to representing the class.

*Id.* The court *may* also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B) (emphasis added). Notably, Fed. R. Civ. P. 23(g)(2) applies where only one applicant seeks appointment as class counsel directs that the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(i) and (iv), as set forth above.

   The Court notes Defendant AT&T opposition neither addresses any of Rule 23(g) factors nor disputes that Bradley/Grombacher, LLP fail to meet any of the Civ. P. 23(g) factors. (*See generally* Doc. 29). Turning to the factors set forth in Fed. R. Civ. P. 23(g)(1), Bradley/Grombacher, LLP has done significant work identifying and investigation the claims at issue in this case as the matter. This case was initiated in state court over two years ago, and Bradley/Grombacher, LLP has since investigated the claims, framed the complaint and three times amended it, successfully opposed a motion to dismiss or stay, and actively engaged in discovery ahead of moving for class certification. Notably, to the extent any discovery has been delayed, such delay appears to be attributable to Defendant AT&T. (*See* Doc. Nos. 30-31, 34-37). Further, the instant case was initiated almost two years before the *Wallack* action was filed in state court, *after* a proposed settlement had already been reached. Contrary to Defendant's assertion, there is no evidence that Plaintiff's counsel has let this case be stagnant.[4]

   It is undisputed that Bradley/Grombacher, LLP has experience handling class actions, other complex litigation, and the types of claims asserts in this litigation as evidenced by the declaration filed in support of the instant motion. The uncontested declaration supports the conclusion that counsel is knowledge of the applicable law. Bradley/Grombacher LLP is a firm compromised of attorneys knowledgeable about wage and hour laws. (*Id.*); (*see also* Doc. No. 24-1 at 5). Attorney Grombacher has practiced law for approximately 15 years and intensively in

---

[4] As noted in the Court's October 14, 2021 Order, the excessive delay in this case is caused by the well-publicized and long-standing lack of judicial resources in the Eastern District of California that has left the instant case on a docket with no assigned United States District Judge and the District Judge covering both dockets has over 1,300 civil cases and criminal matters involving 747 defendants. (Doc. No. 38 at 2, n. 2).

class action litigation for more than 11 years. (*Id.*). Ms. Grombacher's partner, Mr. Bradley, has litigated for 27 years in all areas of class action and complex litigation. (*Id.*). With their law firm they have pursued and successfully reached resolution in nearly twenty class action cases involving employment law claims. (*Id.* at 7-9). Finally, Plaintiff's counsel has already invested resources and significant time in gathering evidence for the class members and submit that they are consulting with an expert. (*Id.* at 9-11). Counsel voices an eagerness to safeguard the rights of approximately 12,600 absent class members potentially impacted by the *Wallack* settlement. (*Id.* at 11). Based on the foregoing, the undersigned recommends Plaintiff's Motion be granted and Bradley/Grombacher LLP be appointed interim class counsel for the putative class.

Accordingly, it is respectfully **RECOMMENDED**:

The district court grant Plaintiff's Motion to Appoint Interim Class Counsel Under Fed. R. Civ. P. 23(g). (Doc. No. 24).

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within seven (7) days[5] after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   October 15, 2021

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[5] Due to time sensitivities, namely the imminent hearing on Razo's motion to intervene in *Wallack* currently set for October 29, 2021, the Court shortens the objection period.

13