UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS M. SALAS RAZO, *on his own behalf and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY SERVICES, LLC,<br><br>Defendant. | No. 1:20-cv-00172-NONE-HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION TO APPOINT INTERIM CLASS COUNSEL<br><br>(Doc. Nos. 24, 42, 44) |

Pending before the court is plaintiff's motion to appoint interim class counsel under Federal Rule of Civil Procedure 23(g) ("Rule 23(g)"). (Doc. No. 24). Plaintiff seeks the appointment of his counsel, Bradley/Grombacher, LLP, as interim class counsel in this action in order to protect the rights of the putative class members. (*See generally id.*). Plaintiff asserts that a competing action, *Wallack et. al v. AT&T Mobility*, No. CIVSB2117915 ("*Wallack*"), filed in San Bernardino Superior Court, is a reverse auction aimed at "gutting this case" thus necessitating the appointment of interim Class counsel to protect the rights of the putative class. (*Id.* at 7). Among other things, plaintiff highlights the fact that he has been explicitly carved out of the settlement in *Wallack*, meaning that normal avenues by which he might object to that settlement are likely unavailable or at the very least uncertain. (*See id.* at 21–22.) The pending motion is opposed by defendant. (Doc. No. 29.) On October 15, 2021, the assigned magistrate judge

issued findings and recommendations recommending that the motion be granted and ordered that any objections were to be filed within seven days in light of an imminent hearing regarding approval of the settlement in *Wallack*. (Doc. No. 42.) Defendant timely filed objections and a related request for judicial notice. (Doc. Nos. 43, 44.)[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302, the court has reviewed the motion *de novo*. For the reasons set forth below, the findings and recommendations will be adopted in full and the motion to appoint interim class counsel will be granted.

In brief, after reviewing the factual and procedural history of this case, salient aspects of related cases, and the applicable standard under Rule 23(g), the findings and recommendations concluded that appointment of Bradley/Grombacher, LLP is necessary to protect the interests of the putative class. (*See generally* Doc. No. 42.) The recommendation acknowledged that in certain circumstances courts have refused to appoint interim class counsel unless all competing class claims have been consolidated before the court hearing the Rule 23(g) motion. (*See id*. at 7–9.) But, as the findings and recommendations pointed out, the facts presented here are somewhat unique because the *Wallack* settlement specifically carves out the named plaintiff in this action. (*See id*. at 10.)

The findings and recommendations also correctly pointed out that this very issue was discussed in detail by District Judge William H. Orrick of the Northern District of California in *Torliatt v. Ocwen Loan Servicing, LLC*, No. 19-cv-04303-WHO, 2020 WL 10964876 (N.D. Cal. Oct. 2, 2020). There, Judge Orrick declined to limit the reach of Rule 23(g) only to those cases where there is rivalry among competing class counsel (or some other inadequacy related to counsel) *in the case before the district court hearing the Rule 23(g) motion*. *Id*. at *3. Put simply, at its core, "Rule 23 allows the court to designate interim counsel 'during the pre-certification period if necessary to protect the interests of the putative class.'" *Id*. at *4 (citing Fed. R. Civ. Proc. 23 Advisory Comm. Notes). The decision in *Torliatt* specifically refused to

---

[1] The request for judicial notice presents court records from other cases, which are properly the subject of judicial notice. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011). Accordingly, the request will be granted.

1  follow the line of cases cited here by defendant in its objections, including *White v. TransUnion*,
2  LLC, 239 F.R.D. 681, 684 (C.D. Cal. 2006), in which the district court denied a motion to appoint
3  class counsel where there were "ample mechanisms for dissatisfied class plaintiffs to object to a
4  class action settlement." *See Torliatt*, 2020 WL 10964876 at *4.  Judge Orrick emphasized that
5  the competing settlement specifically carved out Torliatt and other named plaintiffs, meaning that
6  "Torliatt is himself unable to object to the settlement." *Id.*  "In these circumstances, it is
7  reasonably likely that interim class counsel is necessary to 'protect the interests of the putative
8  [California] class.'" *Id.*  As the magistrate judge did here, the undersigned finds the reasoning of
9  *Torliatt* to be applicable and persuasive and the cases cited by defendant in its opposition and
10 objections to be distinguishable.

11  The undersigned finds the remainder of defendant's objections to be either unpersuasive
12 or largely irrelevant to the Rule 23(g) analysis.  For example, defendant discusses—over
13 numerous pages—the various reasons why it believes the settlement in *Wallack* is reasonable.
14 (*See generally* Doc. No. 24.)  But, the reasonableness of *Wallack's* settlement is not before *this*
15 court.  To the extent those arguments are presented to demonstrate that counsel in *Wallack* is
16 sufficiently capable of protecting the class' interests, that issue is not a factor in the Rule 23(g)
17 analysis either.  *See Gallagher v. Bayer AG*, No. 14-CV-04601-WHO, 2015 WL 4932292, at *7
18 (N.D. Cal. Aug. 18, 2015) (These factors are: "(i) the work counsel has done in identifying or
19 investigating potential claims in the action; (ii) counsel's experience in handling class actions,
20 other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge
21 of the applicable law; and (iv) the resources that counsel will commit to representing the class.").
22 Moreover, the extent to which granting this motion will facilitate plaintiff's ability to participate
23 in the Wallack case is not before the undersigned and is not dispositive of the Rule 23(g) inquiry.

## CONCLUSION

25  Accordingly, for the reasons set forth above:
26  (1) The findings and recommendations issued on October 15, 2021 (Doc. No. 42), are
27  ADOPTED IN FULL;
28  /////

3

(2) Plaintiff's motion to appoint interim class counsel under Rule 23(g) (Doc. No. 24) is GRANTED; and

(3) The related request for judicial notice (Doc. No. 44) is GRANTED.

IT IS SO ORDERED.

Dated: __**October 27, 2021**__     _/s/ Dale A. Drozd_
UNITED STATES DISTRICT JUDGE