1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LUIS M. SALAS RAZO, on his own          Case No.  1:20-cv-172-NONE-HBK
     behalf and on of all others similarly
12   situated,                               ORDER GRANTING PLAINTIFF'S MOTION
                                             TO COMPEL AND FOR SANCTIONS
13                    Plaintiff,
                                             (Doc. No.  34)
14         v.

15   AT&T MOBILITY SERVICES, LLC,

16                    Defendant.

17

18         The procedural posture of this putative class action continues to evolve.  Despite its

19   evolution, this case remains active and unresolved on this Court's docket.  Pending is Plaintiff's

20   motion to compel discovery and request for sanctions filed on September 24, 2021, following the

21   September 24, 2021 telephonic discovery conference before the undersigned, after the parties

22   were unable to resolve the discovery dispute through their meet and confer.  (Doc. No. 34).

23         As more fully discussed *infra*, Plaintiff seeks certain discovery that originally was

24   propounded on Defendant AT&T Mobility Services, LLC on July 18, 2020 to secure discovery

25   relating to Plaintiff's motion for class certification.  In support, Plaintiff submits the declarations

26   of attorneys Leslie Joyner and Kiley Grombacher, as well as the copies of Plaintiff's requested

27   discovery and Defendant's responses thereto.  (Doc. Nos. 34-1, 35).

28         In its initial response opposing Plaintiff's motion to compel filed on October 8, 2021

Defendant argues: (1) once the *Wallack*[1] settlement is approved, Plaintiff will not be able to certify a class in this case; (2) the motion to compel was premature due to Defendant's pending motion to dismiss; and (3) the customer contact list information Plaintiff requests violates privacy rights of thousands of AT&T employees.  (Doc. No. 36).  Defendant, referring to the spirit of compromise, stated it agreed to provide Razo with all of the pay and compensation policies it provided to counsel in *Wallack* and to supplement its initial responses to his requests for admission.  (Doc. 36 at 7).

On October 12, 2021, the district court entered an order denying Defendant's motion to dismiss, thereby mooting Defendant's argument that the motion was premature.  (Doc. No. 38).  On October 27, 2021, the district court adopted the undersigned's Findings & Recommendations and granted Plaintiff's motion to appoint Plaintiff's counsel as interim class counsel.  (Doc. No. 45).  Consequently, the undersigned entered a minute order on October 29, 2021, authorizing Defendant to either stand on its initial response opposing Plaintiff's motion to compel or file an amended response.  (Doc. No. 48).   The intent of the Court's October 29, 2021 minute order was to permit Defendant an opportunity to withdraw any objections based on the motion to dismiss, given the district court's denial of that motion, not to enlarge the time ordinarily provided under the Federal Rules of Civil Procedure to respond to Plaintiff's discovery requests or oppose the motion.

Following the Court's October 29, 2021 minute order, Defendant elected to file an amended opposition to Plaintiff's motion to compel with a supporting declaration from Raymond Bertrand and supplemental responses and objections to Plaintiff's discovery requests.  (Doc. Nos. 51, 51-1 through 51-5).  In Defendant's amended opposition and supplemental responses and objections, Defendant points to the Superior Court of California's November 1, 2021 order in *Wallack,* which granted preliminary approval of the proposed class settlement in the state court action that is proceeding with different class counsel and argues discovery in this action is unnecessary because Plaintiff Razo is now a class of one.  In other words, Defendant posits

---

[1] *Wallack et. al v. AT&T Mobility*, San Bernardino Superior Court Case No. CIV-SB-2117915.

1    Plaintiff no longer needs discovery related to a class because the anticipated class in the instant

2    pending action is now arguably covered in *Wallack*.  (*Id*.) (citing Doc. Nos. 51-1 to 51-4).

3    Defendant further objected to certain of the special interrogatories to the extent Plaintiff sought

4    information that would permit Plaintiff or his counsel to speak directly to the class members as

5    they are represented by counsel in *Wallack*.  (Doc. No. 52-1 at 5-8).

6           In reply, Plaintiff argues that if the Court were to deny his motion to compel, it would

7    permit Defendant to reap the benefit of stonewalling discovery requested nearly a year and a half

8    ago in this action.  (Doc. No. 53 at 5).  Plaintiff further argues that *Wallack* does not preclude

9    discovery in this matter because the class subsequently defined in *Wallack* terminates on

10   November 1, 2021.  (*Id.* at 5).  Plaintiff asserts that the proposed class definition in this matter

11   extends the release period *through and including the date judgment is rendered in this matter*.

12   (*Id.*).  Therefore, in the alternative, Plaintiff argues the Court should grant its motion to compel

13   and direct Defendant to produce class contact information and class wide discovery applicable to

14   "all individuals who held, or hold, job positions which Defendant as classified as 'non-exempt' in

15   the State of California as of November 2, 2021."  (*Id.* at 7).  Further, Plaintiff points out that

16   Defendant waived any objections predicated on *Wallack* by failing to assert the existence of the

17   *Wallack* litigation in its initial objections to the propounded discovery.

18          The Court grants Plaintiff's motion to compel in part and denies it in part, as set forth

19   below, and grants Plaintiff's request for sanctions.

20                                      **I.  BACKGROUND**

21          This putative class action was initiated on August 27, 2019 in the Superior Court of

22   California in and for Madera County by counsel from the firm Bradley/Grombacher, LLP on

23   behalf of Plaintiff Luis M. Salas Razo.  (Doc. No. 1-4 at 5-16).  The named Plaintiff, Luis M.

24   Salas Razo, is a former hourly, non-exempt employee of Defendant who worked at an AT&T

25   mobility store in Madera, California, as a sales representative for eleven years until his

26   employment was terminated in June 2018.  (*Id.*).  On January 31, 2020, Defendant removed the

27   case to this court.  (Doc. No. 1).  After the district court denied Defendants' motion to dismiss, it

28   permitted Plaintiff to file a Third Amended Complaint ("TAC") to amend the prayer for relief.

                                                    3

1   (Doc. No. 38).

2        Plaintiff's TAC sets forth the following six causes of action: (1) failure to pay wages for

3   all hours worked; (2) failure to pay overtime wages; (3) failure to pay all wages due at

4   termination of employment; (4) failure to provide timely, accurate wage statements; (5) violation

5   of California Business and Professions Code § 17200, *et. seq.*, and (6) civil penalties for violation

6   of California Labor Code § 2698, *et. seq.*  (Doc. No. 41).   Plaintiff seeks damages and penalties

7   under the California Labor Code; interest; attorneys' fees, costs and expenses; and for any other

8   relief deemed just and appropriate.  (*Id.* at 23-24).  The proposed putative class period is defined

9   as "the time from August 27, 2015 through the date that judgment is entered."  (*Id.* at 2).

10        Plaintiff propounded the discovery at issue on Defendant nearly 1 1/2 years ago, on July

11   28, 2020.  (Doc. No. 34 at 8).  Defendant filed responses and objections to the discovery requests

12   on February 22, 2021.  (Doc. No. 35 at 6).  The *Wallack* case was **settled** on March 29, 2021, just

13   one month after Defendant served its response and objections to Plaintiff's discovery.  The

14   *Wallack* action, however, was not **filed** until June 2, 2021 in San Bernardino County Superior

15   Court.  (*See* Doc. No. 42 at 4-6) (granting interim appointment of counsel for plaintiff and

16   thoroughly reviewing history of the action).  In other words, the complaint in *Wallack* was filed

17   nearly 2 years **after** Plaintiff commenced this action in state court and 1 1/2 years **after**

18   Defendant AT&T removed the instant case to this Court.  (*See generally* docket; *see also* Doc.

19   No. 24 at 7) (emphasis added).  It is undisputed that Defendant did not cite to *Wallack* or raise

20   *Wallack* in its responses and objections to the requested discovery.  Indeed, in its Stipulated

21   Motion for Enlargement of the Class Certification Briefing Schedule filed on August 18, 2021,

22   after *Wallack* had settled and after *Wallack* was filed, the parties represented that they were

23   "actively engaged in the certification motion related discovery process" and "meeting and

24   conferring regarding the proper scope of discovery. . . ." (Doc. No. 22 at 2, "Stipulated Motion").

25   Nowhere in the Stipulated Motion did Defendant identify *Wallack* as a bar to discovery.

26        **II.  APPLICABLE LAW**

27      **A.  Rule 26 - Scope of Discovery Generally**

28        "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties

may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount of controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs the benefit.  Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) (emphasis added).

District courts have "broad discretion to manage discovery." *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011).  The party seeking to compel discovery bears the burden of establishing his request satisfies the relevancy requirements of Rule 26.  *Bryant v. Ochoa*, No. 07-cv-200-JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).  Once the relevancy requirement is satisfied, "the party opposing discovery as the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Id.*

**B.  Federal Rule of Civil Procedure 37, Motions to Compel**

A party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses.  Fed. R. Civ. P. 37(a)(3)(B).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).  "It is well established that a failure to object to discovery requests within the time period constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).  The party moving to compel bears the burden of demonstrating "actual and substantial prejudice from the denial of discovery." *See Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

**C.  Pre-Certification Discovery in the Class Context**

As for discovery in the class certification context, "[w]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975); *see also Artis v. Deere & Co.*, 276 F.R.D. 348, 351 (N.D. Cal.

1  2011) (citing *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)).

2  According to the Ninth Circuit, the "advisable practice" for district courts on precertification

3  discovery, "is to afford the litigants an opportunity to present evidence as to whether a class

4  action was maintainable.  And the necessary antecedent to the presentation of evidence is, in most

5  cases, enough discovery to obtain the material, especially when the information is within the sole

6  possession of the defendant." *Doninger v. Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th

7  Cir. 1977); *see also Artis*, 276 F.R.D. at 351.

8      Ninth Circuit case law therefore "stand[s] for the unremarkable proposition that often the

9  pleadings alone will not resolve the question of class certification and that some discovery may be

10  warranted."  *Vinole*, 571 F.3d at 942.  A court does not abuse its discretion in refusing to

11  authorize precertification discovery when the plaintiff fails to advance a *prima facie* showing that

12  the class requirements [*i.e.*, numerosity, commonality, typicality and adequacy of representation]

13  of Rule 23 are satisfied or that "discovery is likely to produce substantiation of class allegations."

14  *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).  A court is not required, however, to

15  find a *prima facie* showing under Rule 23 prior to authorizing precertification discovery.  *See also*

16  *Kaminske v. JP Chase Bank N.A.*, No. SACV 09-00918 JVS (RNBx), 2010 WL 5782995, at *2

17  (C.D. Cal. May 21, 2010) ("[T]here is nothing in *Doninger* and *Mantolete* that suggests that a

18  *prima facie* showing is mandatory in all cases, and it very well may be the case that courts

19  routinely do not require such a showing.  However, a court has discretion to decide whether to

20  require the *prima facie* showing that was approved in *Doninger* and *Mantolete*."); *Robinson v.*

21  *The Chefs' Warehouse*, No. 3:15-cv-05421-RS (KAW), 2017 WL 836943 at *2 (N.D. Cal. Mar.

22  3, 2017) ("Plaintiffs are not necessarily required to make a *prima facie* showing in order to obtain

23  information for the putative class."); *Pizana v. Sanmedica Intl., LLC*, 118-CV-00644DADSKO,

24  2020 WL 6075846, at *3 (E.D. Cal. Oct. 15, 2020), *reconsideration denied*, 2020 WL 6887752

25  (E.D. Cal. Nov. 24, 2020)(noting the "advisable practice" for district courts on precertification

26  discovery is to afford litigants an opportunity present evidence as to whether a class action is

27  maintainable and often that information is in sole possession of the defendant).

28      /////

1    **C.  ANALYSIS**

2        Plaintiff moves to compel Defendant to respond to: (1) Special Interrogatories Nos. 1-3, 5,

3    13, and 18; (2) Requests for Production Nos. 18-20; (3) deposition questions relating to the

4    members of the putative class: and (4) answers to Requests for Admission Nos. 1-4.  (Doc. No. 34

5    at 8).   The Court turns to address each request in turn.

6        **A.  Putative Class Members Identities and Contact Information**

7        In Special Interrogatories Nos. 1-3, 5, 13, and 18, Plaintiff generally seeks class contact

8    information.  (Doc. No. 34 at 13).  Plaintiff initially argued that class contact information is

9    highly relevant for confirming Plaintiff's theories of liability and further developing evidence in

10   this case.  (Doc. No. 34 at 10).  Plaintiff further states the class contact information is critical to

11   allow Plaintiff to submit sworn declarations from class members to support class certification and

12   rebut opposing arguments.  (*Id.* at 14).  Plaintiff argues that disclosure of precertification contact

13   information is "routine practice" under Fed. R. Civ. P. 23.  (*Id.*).

14       Defendant's initial response contained general objections directed at Plaintiff's definitions

15   and additional objections directed at each special interrogatory.  Significantly, Defendant stated

16   that its responses "are based on Defendant's knowledge, information and belief at this time, and

17   are complete as to the Defendant's best knowledge at this time."  (Doc. No. 35-3).  Defendant's

18   statement is cause for concern considering the procedural history in *Wallack* that has since come

19   to light, specifically the settlement in *Wallack* that occurred one month after Defendant served the

20   instant objections, albeit at the time *Wallack* was negotiated the complaint in *Wallack* did not

21   include a definition that would have encompassed Plaintiff Razo.

22       For the reasons that follow, the Court grants Plaintiff's motion to compel directed at

23   Special Interrogatories 1, 2, 3, 13 and 18.  The Court also grants Plaintiff's motion with respect to

24   Special Interrogatory 5, except Defendant need not take additional efforts to compile the

25   information on an Excel sheet as Plaintiff requests, unless Defendant already possesses such an

26   Excel sheet.

27       **1.  Class Contact Information is Discoverable**

28       The Supreme Court has recognized the importance of permitting class counsel to

7

communicate with potential class members for the purpose of gathering information, even prior to class certification. *Guzman v. Chipotle Mexican Grill, Inc*., No. 17-cv-02606-HSG (KAW), 2018 WL 6092730, at *2 (N.D. Cal. Nov. 21, 2018) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102-03 (1981)); *dee also Vinole*, 571 F.3d at 942; *Doninger*, 564 F.2d at 1313. Concerning contact information of the putative class members, the district courts in this Circuit have found that "[a]s a general rule, before class certification has taken place, all parties are entitled to equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties." *Wiegele v. FedEx Ground Package Sys*., No. 06-CV-01330-JM(POR), 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007) (quoting *Koo v. Rubio's Restaurants, Inc*., 109 Cal. App. 4th 719, 729 (2003)). For that reason, discovery of the putative class members' contact information is routinely allowed. *See, e.g., Artis*, 276 F.R.D. at 352 ("The disclosure of names, addresses, and telephone numbers is a common practice in the class action context."); *Putman v. Eli Lilly & Co*., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) ("[I]t seems to the Court that contact with [class members] could well be useful to the plaintiff to determine, at minimum, the commonality and typically prongs of Rule 23."). And, although Defendant raised undue burden, Defendant did not provide sufficient detail regarding the time, money, and procedures required to produce the information. *Pizana v. Sanmedica Int'l, LLC*, 2020 WL 6075846 *5 (E.D. Cal. Oct. 15, 2020) (noting defendant objecting based on undue burden *must* provide sufficient detail regarding the time and money involved to produce the documents).

Here, the issue before the Court is whether Plaintiff is now entitled to class contact information since the *Wallack* court granted a *preliminary* approval to the class settlement on November 1, 2021. Plaintiff's reply raises three primary arguments in response to Defendant's amended opposition: (1) Plaintiff proposes to modify the date requested in its initial discovery to run from November 2, 2021 to present, contending that the *Wallack* release date of November 1, 2021 entitles Plaintiff to class contact information from November 2, 2021 to present, if it does not permit discovery from August 1, 2015 to present; (2) Plaintiff argues the Court should overrule Defendant's privacy objection because there is no privacy interest in the contact information and class contact information is "routine practice," and further contends a protective

8

1   order would have obviated Defendant's concern;  and (3)  Plaintiff argues Defendant waived its

2   objection based on *Wallack* since it was not initially raised.  (Doc. No. 53 at 7-13).

3        Undoubtedly, at the time Plaintiff initially propounded the discovery requests to

4   Defendant, Plaintiff was permitted to obtain class contact information from Defendant as it is

5   common practice.  *Supra* at 8.  Plaintiff and Defendant acknowledge there is now an overlap

6   between the yet-to-be-certified class in the instant case and in the *Wallack* action.  Although

7   disputed by Defendant, the record reflects the *Wallack* Complaint did *not* initially include the

8   named Plaintiff, but now Razo is included in the *Wallack* class.  (*See* Doc. No. 42 at 5).

9                    **2. Defendant's arguments are unavailing**

10       Defendant argues Rule 23(b)(3) discourages courts from certifying redundant classes and

11  Plaintiff Razo will not be able to prove it superior to other methods for fairly and efficiently

12  adjudicating the controversy.  Defendant cites to *Meints v. Regis Corp.*, 2010 WL 3058300 (S.D.

13  Cal. Aug. 2, 2010) to support its proposition that it need not produce discovery in this case

14  because *res judicata* will bar any class member from relitigating any claims that are subject to the

15  court-approved class settlement in *Wallack*.  Defendant argues that to proceed with class

16  discovery in this case is a waste judicial resources and will require Defendant to expend

17  significant effort to comply with the discovery requests when a settlement potentially bars

18  Plaintiff from bringing his class action.  (Doc. No. 51 at 4-5).

19       First, the Court is not being asked to certify a redundant class.  The issue before this Court

20  is limited to whether Plaintiff is entitled to clearly relevant discovery so that he may move for

21  class certification in the case currently pending and proceeding before this Court.  And while

22  Defendant argues *Wallack* is a forgone conclusion, neither the parties nor this Court have a

23  crystal ball and can predict whether the San Bernardino court will grant *final* approval to *Wallack*,

24  and if so, whether it will be affirmed if challenged on appeal.  A preliminary settlement approval

25  of a proposed class settlement has no effect on parallel actions.  4 *Newberg on Class Actions* §

26  13:19 (5th ed.).  "Indeed, a court's *final* approval of a class settlement also does not automatically

27  end parallel litigation: the final judgment in a class action has the effect of precluding claims by

28  class members who do not opt out of the class, but only if it is interposed in collateral litigation as

9

1    an affirmative defense." *Id.* (citations omitted) (emphasis in original).  The instant case is

2    properly before this Court, is not stayed, and has had the instant discovery request propounded on

3    Defendant for 1 1/2 years.  No further delay is warranted in this case based on a *preliminary*

4    settlement approval.   The Court also finds *Meints*, relied on by Defendant, and the instant action

5    are distinguishable in one key respect.  *Meints* was filed *after* the other action in which the

6    settlement was approved.  *Meints*, 2010 WL 3058300 *1-*2.  Here, the instant action and the

7    discovery requested pre-dated *Wallack* by over a year.

8            Second, this Court need not find a *prima facie* showing under Rule 23 prior to authorizing

9    precertification discovery.  *Supra* at 6.   Nonetheless, Plaintiff's arguments have sufficed to

10   establish a *prima facie* showing at this stage of the proceedings, or alternatively that discovery is

11   likely to produce substantiation of class allegations are well taken.  (*See* Doc. No. 34 at 18-20).

12   *See Trujillo v. Chef's Warehouse West Coast, LLC*, 2020 WL 7315346, *4-*5 (C.D. Cal. Oct. 19,

13   2020)(discussing that *prima facie* showing is not required and requirement to permit pre-

14   certification discovery lies within the discretion of the court, and also reviewing the importance of

15   "whether" discovery should be permitted in the first instance and then scope of discovery).

16           Third, as to Defendant's claims it would be a waste of resources, the discovery sought

17   presumably was at least in part already collected and assembled and would have been produced to

18   plaintiff's counsel in *Wallack* for purposes of that litigation.  (*See* Doc. No. 36 at 7).  Thus, any

19   argument that such discovery would be an undue burden on Defendant is unpersuasive.

20           Fourth, Defendant's arguments that the information is entitled to privacy protections is

21   equally unpersuasive to block discovery entirely.  To protect confidential information that may be

22   contained in responses to Special Interrogatories 1-3, 5, 13 and 18, or any other discovery

23   response, Defendant, as the party from whom the discovery is sought, has the burden of filing a

24   motion for a protective order.  *See* Fed. R. Civ. P. 26(c).  Defendant did not so move.  (*See*

25   docket).  Defendant took no such action, and indeed, rejected Plaintiff's proposed protective

26   agreement.  (Doc. No. 53 at 11).   Any privacy interests can be obviated by a protective order.

27           As noted above, when Defendant initially responded with objections in February 2021,

28   Defendant did not object with any reference to *Wallack* because the case settled *one month after*

10

1   Defendant served its objections and a complaint was not initiated in state court for another three

2   months.  The Court is persuaded by Plaintiff's argument that Defendant waived its objections

3   based on *Wallack* by not raising it initially, or earlier.   *Supra* at 5; *see also Davis*, 650 F.2d at

4   1160 (noting objections lodged 15 months after discovery propounded were waived, absent an

5   extension of time for good cause).

6          Additionally, when opposing the motion to compel pending before this Court, Defendant

7   later argued, due to the pending settlement, it was a "waste of resources" to be ordered to produce

8   12,000 plus employees' contact information.  (Doc. No. 36 at 3).  However, Defendant

9   presumably had to produce at least *some* discovery relevant to Razo in the *Wallack* action.

10   Further, since the *Wallack* settlement has been preliminarily approved by the State court,

11   discerning who is in the class is necessary for notice related thereto and therefore it should not be

12   a burden on Defendant to produce it to Plaintiff's counsel in the instant action.

13                       **a.  Special Interrogatory No. 1**

14       Plaintiff seeks:

15           **SPECIAL INTERROGATORY NO. 1:** For the RELEVANT

16           TIME PERIOD[2] through the present, IDENTIFY who worked or
             works for YOU as a non-exempt employee in California.

17           **OBJECTIONS TO SPECIAL INTERROGATORY NO. 1:**

18           Defendant objects to this Interrogatory on the grounds that it is overly

19           broad as to time and scope.  Defendant further objects to this
             Interrogatory on grounds that it is unduly burdensome and

20           oppressive.  Defendant further objects to this Interrogatory on
             grounds that it seeks information pertaining to individuals, the

21           disclosure of which would constitute an unwarranted invasion of the
             affected individuals' constitutional, statutory and/or common law

22           rights to personal privacy and confidentiality.  Defendant further
             objects to this Interrogatory to the extent it seeks class-wide

23           discovery on the grounds that Plaintiff has neither adequately
             pleaded his class claims nor has he made a *prima facie* showing that

24           his putative class claims have merit.  Defendant further objects to this
             Interrogatory on the grounds that there is a motion to dismiss pending

25           before the Court, the resolution of which may obviate the need for
             the information Plaintiff is seeking.

26

27   [2] The words appearing in capital letters are defined terms set forth in the definitions section. (Doc. No. 35-1 at 7-9).  In Plaintiff's Special Interrogatories, the term "relevant time period" is defined as "consistent

28   with the Class Period set forth in the COMPLAINT in this case, from August 27, 2015, through and including the date judgment is rendered in this matter."  (Doc.  No. 35-1 at 8).

1   (Doc. No. 35-3 at 2-3).

2       Following the Court's October 29, 2021, minute entry, Defendants filed supplemental

3   responses and objections as follows:

4           **SUPPLEMENTAL OBJECTIONS:**

5           Defendant objects to this Interrogatory on the grounds that it is overly
            broad as to time and scope. Defendant further objects to this
6           Interrogatory on the grounds that it is unduly burdensome and
            oppressive.  Defendant further objects to this Interrogatory on the
7           grounds that it seeks information pertaining to individuals, the
            disclosure of which would constitute an unwarranted invasion of the
8           affected individuals' constitutional, statutory and/or common law
            rights to personal privacy and confidentiality.  Defendant further
9           objects to this Interrogatory to the extent it seeks class-wide
            discovery on the grounds that Razo has no need for such information,
10          as he will be unable to certify a class in this action; the Superior Court
            of California for the County of San Bernardino has already certified
11          a class—and preliminarily approved that class's settlement and
            release of the same claims alleged in this action—in *Samuel Wallack,*
12          *et. al. v. AT&T Mobility Services, LLC*, Case No. CIVSB2117915.
            Defendant further objects to this Interrogatory to the extent Plaintiff
13          seeks information that would permit him or his counsel to speak
            directly with class members, as they are represented by counsel; and
14          Rule 4.2 of California Rules of Professional Conduct thus bars such
            communication.
15
    (Doc. No. 51-2 at 4-5).
16
17      In summary, Plaintiff seeks the identities of AT&T employees who worked for the

18  company as "non-exempt" in California, like Plaintiff Razo.  (Doc. No. 35-1 at 9).   This

19  information is relevant for purposes of Plaintiff being able to define the class in this action.

20      Defendant raises various boilerplate objections to Plaintiff's request—all of which are

21  overruled.  To the extent Defendant objects based on overly broad in time and scope, and overly

22  burdensome and oppressive, Defendant fails to offer the requisite level of specificity for these

23  objections.  Any grounds of an objection to an interrogatory must be stated with specificity.

24  *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. April 5, 2013) (objection that interrogatories

25  were "burdensome" overruled for failure to "particularize" the basis for the objection).

26  Boilerplate objections are improper in federal court.  *AECOM Energy & Constr., Inc. v. Ripley*,

27  No. 17-cv-5398-RSW-LSS, 2018 WL 6266462 at *6 (C.D. Cal. Oct. 3, 2018) ("Boilerplate

28  objections of any type are improper in federal court."; *A. Farber & Partners*, 234 F.R.D 186,  188

1    (C.D. Cal. Feb. 15, 2006)("[G]eneral or boilerplate objections such as 'overly burdensome and

2    harassing' are improper—especially when a party fails to submit any evidentiary declarations

3    supporting such objections," and "boilerplate relevancy objections, without setting forth any

4    explanation or argument why the requested documents are not relevant, are improper."); *Duran v.*

5    *Cisco Sys. Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) (noting that "unexplained and unsupported

6    boilerplate objections are improper.").

7            Turning to objections raised for the first time in Defendant's supplemental objection,

8    Defendant submits Rule 4.2 of the California Rules of Professional Conduct, which regulates

9    communications with persons already represented by an attorney, precludes production.

10   Defendant argues many AT&T employees, who will be identified in response to Plaintiff's

11   special interrogatories, are now included within the *Wallack* class, as a result already represented

12   by the lawyers in *Wallack*, thereby precluding Razo's counsel from contacting them.

13           Eastern District of California Local Rule 180(e) requires both familiarity and compliance

14   with the standards of professional conduct.  Significantly, however, had Defendant responded

15   with the information in a timely fashion after Plaintiff served the special interrogatories, Rule 4.2

16   would not currently be at issue in this case.  It is due to the delay *by Defendant* in this case while

17   the later-in-time *Wallack* litigation progressed that brings Rule 4.2 into play.

18           In summary, Rule 4.2 provides that a lawyer shall not communicate directly, or indirectly,

19   about the subject of the representation with a person the lawyer knows to be represented by

20   another lawyer in the matter, unless the lawyer has the consent of the other lawyer, or the

21   communications are authorized by law or a court order.  The plain language of the rule does not

22   prohibit a represented person from seeking advice or representation from an independent lawyer

23   of the person's choice.  In other words, nothing restricts the client themselves from contacting a

24   different counsel.  Further, Rule 4.2 does not prevent counsel in *Wallack* from authorizing Razo's

25   counsel from contacting those individuals included in the instant class, who are now apparently

26   included in the *Wallack* class, albeit not at the time the *Wallack* complaint was filed.  This Court

27   has appointed counsel for Plaintiff Razo as interim class counsel in this case and sees no reason to

28   restrict Plaintiff from obtaining relevant information to pursue the instant case that remains

13

1    pending.  The undersigned will not issue an advisory opinion as to the parameters of Rule 4.2 and

2    how counsel should proceed considering the particulars of this case and the *Wallack* action.

3    Simply put, Rule 4.2 does not obviate Defendant's obligation to produce the information to

4    Plaintiff.  Thus, Plaintiff's motion is granted with respect to Special Interrogatory 1.

5            Finally, to the extent Defendant raises any privacy concerns regarding AT&T

6    employees/former employees' contact information, these are not sufficient reasons to withhold

7    discovery and are best addressed in the form of a protective order.  *See e.g. In re Bank of America*

8    *Wage and Hour Employment Practices* Litigation, 275 F.R.D. 534, 541 (D. Kansas July 19, 2011)

9    (surveying class action cases seeking contact information from employees and addressing privacy

10   concerns, or lack thereof to ultimate grant motion to compel).  Here, a protective order would

11   obviate Defendant's privacy concern.   The parties shall meet and confer within fourteen days

12   (14) in effort to finalize a stipulated protective order.

13                       **b.  Special Interrogatory No. 2**

14           Plaintiff seeks to identify non-exempt AT&T employees who are now former employees,

15   like Razo.  (Doc. No. 35-1 at 9).

16   **SPECIAL INTERROGATORY NO. 2:**  For the period of August
17   27, 2015, through present, IDENTIFY every PERSON who worked
     for YOU as a non-exempt employee and who are now former
18   employees of YOURS in California.

19   **OBJECTIONS TO SPECIAL INTERROGATORY 2**:

20   Defendant objects to this Interrogatory on the grounds that is overly
     broad as to time and scope.  Defendant further objects to this
21   Interrogatory on grounds that it is unduly burdensome and
     oppressive. Defendant further objects to this Interrogatory on
22   grounds that it seeks information pertaining to individuals, the
     disclosure of which would constitute an unwarranted invasion of the
23   affected individuals' constitutional, statutory and/or common rights
     to personal privacy and confidentiality.  Defendant further objects to
24   this Interrogatory to the extent it seeks class-wide discovery on the
     grounds that Plaintiff has neither adequately pleaded his class claims
25   nor made a *prima facie* showing that his putative class claims have
     merit.  Defendant further objects to this Interrogatory on grounds that
26   there is a motion to dismiss pending before the Court, the resolution
     of which may obviate the need for information Plaintiff is seeking.

27   (Doc. No. 35-3 at 6).

28

                                                14

1

**SUPPLEMENTAL OBJECTIONS:**

2

> Defendant objects to this Interrogatory on the grounds that it is overly
> broad as to time and scope.   Defendant further objects to this
> Interrogatory on the grounds that it is unduly burdensome and
> oppressive.   Defendant further objects to this Interrogatory on the
> grounds that it seeks information pertaining to individuals, the
> disclosure of which would constitute an unwarranted invasion of the
> affected individuals constitutional, statutory and/or common law
> rights to personal privacy and confidentiality.   Defendant further
> objects to this Interrogatory to the extent it seeks class-wide
> discovery on the grounds that Razo has no need for such information,
> as he will be unable to certify a class in this action; the Superior Court
> of California for the County of San Bernardino has already certified
> a class—and preliminarily approved that class's settlement and
> release of the same claims alleged in this action—in *Samuel Wallack,*
> *et. al. v. AT&T Mobility Services, LLC*, Case No. CIVSB2117915.
> Defendant further objects to this Interrogatory to the extent Plaintiff
> seeks information that would permit him or his counsel to speak
> directly with class members, as they are represented by counsel; and
> Rule 4.2 of California Rules of Professional Conduct thus bars such
> communication.

3

4

5

6

7

8

9

10

11

12

(Doc. No. 51-2 at 5-6).

13

14        Here, Plaintiff seeks to identify non-exempt AT&T employees who are now no longer

15   employed with AT&T, like Plaintiff Razo.  This information is relevant, particularly for Plaintiff

16   to learn whether other former AT&T employers were not properly paid at termination, as alleged

17   by Razo.  Plaintiff's requested time period encompasses the same time set forth in the TAC.

18   Defendant's objections are overruled for the same reasons set forth under Special Interrogatory 1.

19   (*Supra* at 12-14).  Defendant's objections lack the requisite specificity to the extent Defendant

20   contends the request is overly broad in time and scope, and unduly burdensome and oppressive.

21   Likewise, the Court discerns no reason why Rule 4.2 should act as a shield to prevent Defendant

22   from being required to produce otherwise relevant information to Plaintiff's counsel in the instant

23   action that Plaintiff Razo filed years before other counsel initiated the *Wallack* action.  Thus,

24   Plaintiff's motion is granted with respect to Special Interrogatory 2.

25                    **c.  Special Interrogatory No. 3**

26        In Special Interrogatory 3, Plaintiff seeks dates of employment for non-exempt employees

27   at AT&T Mobility Services, LLC located in California.

28                    **SPECIAL INTERROGATORY NO. 3**: For the period of August
         2015 through the present, provide the dates of employment for every

15

PERSON who worked for YOU as a non-exempt employee of AT&T MOBILITY SERVICES, LLC., located in California.

**OBJECTIONS TO SPECIAL INTERROGATORY NO. 3**

Defendant objects to this Interrogatory on grounds that it is vague and ambiguous.  Defendant further objects to this Interrogatory on the grounds that it is overly broad as to time and scope.  Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive.  Defendant further objects to this Interrogatory on the grounds that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendant further objects to this Interrogatory to the extent it seeks class-wide discovery on the grounds that Plaintiff has neither adequately pleaded his class claims nor has he made a prima face showing that his putative class claims have merit.  Defendant further objects to this Interrogatory on the grounds that there is a motion to dismiss pending before the Court, the resolution of which may obviate the need for information Plaintiff is seeking.

(Doc. No. 35-3 at 6).

**SUPPLEMENTAL OBJECTIONS:**

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous.  Defendant further objects to this Interrogatory on the grounds that it is overly broad as to time and scope. Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive. Defendant further objects to this Interrogatory on the grounds that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendant further objects to this Interrogatory to the extent it seeks class-wide discovery on the grounds that Razo has no need for such information, as he will be unable to certify a class in this action; the Superior Court of California for the County of San Bernardino has already certified a class—and preliminarily approved that class's settlement and release of the same claims alleged in this action—in *Samuel Wallack, et al., v. AT&T Mobility Services LLC*, Case No. CIVSB2117915.

(Doc. No. 51-2 at 6).

Here, Plaintiff seeks the dates of employment for all employees categorized as "non-exempt."  Plaintiff's other special interrogatories sought the names for employees and former employees categorized as non-exempt.  The Court finds the dates of employment for these AT&T employees is relevant, particularly for purposes of Plaintiff being able to discern the amount of

16

1   potential damages and lost wages of the putative class at issue.  Defendant's objections are

2   overruled for the reasons set forth above.  (*Supra* at 12-14). Thus, Plaintiff's motion is granted

3   with respect to Special Interrogatory 3.

4   **d.  Special Interrogatory No. 5**

5   In Special Interrogatory No. 5, Plaintiff seeks to know for all non-exempt AT&T

6   employees their: names, employment positions, dates of employees, location of employment, last

7   known addresses, telephone numbers and email addresses.  Specifically, Plaintiff seeks:

> **SPECIAL INTERROGATORY NO. 5**: Set forth in Microsoft Excel format the full name, employment position(s), dates of employment, location of employment, last known address, last known telephone numbers, last known email address, and employee identification number of each and every non-exempt employee who worked for [sic] in California from the period of August 17, 2015 to the Present.

> **OBJECTION TO SPECIAL INTERROGATORY NO. 5**

> Defendant objects to this Interrogatory on the grounds that it overly broad as to time and scope.  Defendant further objects to this Interrogatory on the ground that it is unduly burdensome and oppressive.  Defendant further objects to this Interrogatory on the grounds that it is unduly and burdensome to the extent it seeks information already requested by prior interrogatories.  Defendant further objects to this Interrogatory on the grounds that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law right to personal privacy and confidentiality.  Defendant further objects to this Interrogatory on the grounds that it seeks private privileged, and confidential commercial, financial, and/or proprietary business information. Defendant further objects to this Interrogatory to the extent it seeks class-wide discovery on the grounds that Plaintiff has neither adequately pleaded his class claims nor has he made a *prima facie* showing that this putative class claims have merit.  Defendant further objects to this Interrogatory on the grounds that there is a motion to dismiss pending before the Court, the resolution of which may obviate the need for the information Plaintiff is seeking.  Defendant further object[s] to this Interrogatory on the grounds that it necessitates

(Doc. No. 35-3 at 8).

> **SUPPLEMENTAL OBJECTION:**

> Defendant objects to this Interrogatory on the grounds that it is overly broad as to time and scope. Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome and

oppressive. Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive to the extent it seeks information already requested by prior interrogatories. Defendant further objects to this Interrogatory on the grounds that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendant further objects to this Interrogatory on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Defendant further objects to this Interrogatory to the extent it seeks class-wide discovery on the grounds that Razo has no need for such information, as he will be unable to certify a class in this action; the Superior Court of California for the County of San Bernardino has already certified a class—and preliminarily approved that class's settlement and release of the same claims alleged in this action—in *Samuel Wallack, et al., v. AT&T Mobility Services LLC*, Case No. CIVSB2117915. Defendant further objects to this Interrogatory to the extent Plaintiff seeks information that would permit him or his counsel to speak directly with the class members, as they are represented by counsel; and Rule 4.2 of California's Rules of Professional Conduct thus bars such communication. Defendant further object to the Interrogatory on the grounds it necessitates Defendant prepare a compilation from information it maintains in the ordinary course of business and the burden of making it would be substantially the same for the Plaintiff.

(Doc. No. 51-2 at 7).

Here, Plaintiff seeks information previously requested in his other special interrogatories, plus the non-exempt AT&T employees' contact information, provided in an Excel sheet.   The key difference in Special Interrogatory No. 5 is the contact information and mode of production (an Excel sheet).

Plaintiff's request for AT&T employee contact information is relevant to the claims in this case.   As previously stated, the disclosure of names, addresses, and telephone numbers is common practice in a class action context.  *Supra* at 6-8; *see also Artis*, 276 F.R.D. at 352 (other citations omitted) (finding contact information of putative class members is necessary in order for a plaintiff to substantiate class allegations and to meet certification requirements under Rule 23). Defendant's objections raising broadness and scope are overruled based on lack of specificity. Likewise, Defendant's objections based on Rule 4.2 are overruled for the reasons set forth above. (*Supra* at 12-14).

However, Defendant's objections to producing the information to the extent an Excel

18

sheet is requested are well taken.  In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made."  *Gorreal v. Sneath*, 292 F.R.D 629, 632 (E.D. Cal. April 5, 2013).  A party may request documents in the responding party's care, custody, or control under Rule 34.  *Id.*  Thus, if Defendant, or a non-party entity, has possession of a document containing non-exempt employees' contact information on an Excel sheet, then Defendant must produce the information to Plaintiff.   However, the discovery rules do not require a party to compile information in a certain format, such as Excel.  Thus, Plaintiff's motion is granted in part with respect to Special Interrogatory 5, but such information need not be produced in the format requested by Plaintiff.

### e.  Special Interrogatory No. 13

In Special Interrogatory No. 13, Plaintiff seeks information about non-exempt employees for AT&T and what jobs those individuals held.  (Doc No. 35-1 at 11).  Specifically, Plaintiff requests:

> **SPECIAL INTERROGATORY NO. 13**:  For the period of August 27, 2015 through the present, IDENTIFY all job positions held by PERSONS who worked or work for YOU as a non-exempt employee in California.

> **OBJECTIONS TO SPECIAL INTERROGATORY NO. 13:**

> Defendant further objects to this Interrogatory on the grounds it seeks information which is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive.  Defendant objects to this Interrogatory to the extent it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  Defendant further objects to this Interrogatory to the extent it seeks class wide discovery on the grounds that Plaintiff has neither adequately pleaded his class claims nor has he made a *prima facie* showing that his putative class claims have merit.  Defendant further objects to this interrogatory on the grounds that there is a motion to dismiss pending before the Court, the resolution of which may obviate the need for information Plaintiff is seeking.

(Doc. No. 35-3 at 13-14).

> **SUPPLEMENTAL OBJECTIONS**:

> Defendant further objects to this Interrogatory on the grounds that it

19

seeks information which is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive. Defendant objects to this Interrogatory to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Defendant further objects to this Interrogatory to the extent it seeks class-wide discovery on the grounds that Razo has no need for such information, as he will be unable to certify a class in this action; the Superior Court of California for the County of San Bernardino has already certified a class—and preliminarily approved that class's settlement and release of the same claims alleged in this action—in *Samuel Wallack, et al., v. AT&T Mobility Services LLC*, Case No. CIVSB2117915.

(Doc. No. 51-2 at 12).

Plaintiff seeks information concerning other jobs non-exempt employees held with AT&T, not only jobs at the AT&T mobility stores, like Razo had. This information is relevant to the claims at issue in this litigation. Defendant's objections are overruled. *Supra* at 9, 12-14. Defendant's boilerplate objections to relevancy without explaining why this information is not relevant is insufficient. *See id.* Thus, Plaintiff's motion is granted with respect to Special Interrogatory 13.

### f. Special Interrogatory No. 18

In Special Interrogatory No. 18, Plaintiff seeks all employee information for each AT&T location. (Doc. No. 35-1 at 12). Specifically, Plaintiff seeks:

> **SPECIAL INTERROGATORY NO. 18**: For each job position held by any EMPLOYEE, IDENTIFY each location where said employees worked during the RELEVANT TIME PERIOD in California.

(*Id.*).

> **OBJECTION TO SPECIAL INTERROGATORY NO. 18:**

> Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to "EMPLOYEE" as Plaintiff failed to define the term. Defendant further objects to this Interrogatory on grounds that it seeks information which is not relevant to the subject matter of this litigation is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive. Defendant further objects to this Interrogatory to the extent it seeks private, privileged, and confidential commercial, financial, and/or propriety business information. Defendant further objects to this Interrogatory to the extent it seeks class-wide discovery on the

1
2
3
4

> grounds that Plaintiff has neither adequately pleaded his class claims nor has he made a *prima facie* showing that his putative class claims have merit.  Defendant further objects to this Interrogatory on the grounds that there is a motion to dismiss pending before the Court, the resolution of which may obviate the need for the information Plaintiff is seeking.

5  (Doc. No. 35-1 at 17).

6  ### **SUPPLEMENTAL OBJECTION:**

7
8
9
10
11
12
13
14
15

> Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to "EMPLOYEE" as Plaintiff failed to define that term. Defendant further objects to this Interrogatory on the grounds that it seeks information which is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive. Defendant further objects to this Interrogatory to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Defendant further objects to this Interrogatory to the extent it seeks class-wide discovery on the grounds that Razo has no need for such information, as he will be unable to certify a class in this action; the Superior Court of California for the County of San Bernardino has already certified a class—and preliminarily approved that class's settlement and release of the same claims alleged in this action—in *Samuel Wallack, et al., v. AT&T Mobility Services LLC*, Case No. CIVSB2117915.

16  (Doc. No. 51-2 at 16).

17    Here, Plaintiff seeks *any* employees' information during the relevant time period.  (Doc.

18  No. 35-1 at 12).  Defendant objects to Plaintiff's definitions for "employee" and "relevant time

19  period" as vague and ambiguous.  Significantly, Defendant does not explain why it believes the

20  terms are vague and ambiguous.  Similar to the other boilerplate objections, the Court overrules

21  Defendant's objections for the reasons set forth above.

22    The Court need not refer to the definitions section on the Plaintiff's Special Interrogatories

23  because the word "any" immediately preceding before the word "employee," given its plain

24  meaning translates to "any employee."  The definitions section on Plaintiff's interrogatories

25  further show Plaintiff defined "covered employee" as referring "to all non-except California

26  employees during the class period and during the RELEVANT TIME PERIOD." (Doc. No. 35-1

27  at 8).  Here, Plaintiff's request does not seek *covered* employees' information, but instead seeks

28  *all* employees' information from the relevant time period.  Plaintiff defined "relevant time

1  period" as "consistent with the Class Period set forth in the COMPLAINT in this case, from

2  August 27, 2015, through and including the date judgment is rendered in this matter." (*Id.*).

3  Thus, Plaintiff's motion is granted regarding Special Interrogatory No. 18.

4      **B.  Request for Production of Documents Numbers 18, 19, 20**

5      Plaintiff seeks to compel Defendant to produce documents responsive to Request for

6  Production Nos. 18, 19, and 20, pertaining to payroll policies, compensation data, timekeeping

7  information, wage statements and wage statement policies.  (Doc. No. 34 at 17-22).  Similar to

8  Plaintiff's Special Interrogatories, the capitalized words reflect terms defined in Plaintiff's

9  definition section.[3]  (*See* Doc. No. 35-2 at 7-9).

10     Defendant's initial responses and objections asserted the same boilerplate objections for

11  each request for production with minimal variations in each, including that: the request is vague

12  and ambiguous as to what constituted policies, procedures, and practices, and every type of

13  remuneration; the information sought is class-wide and Plaintiff has not adequately pled or made

14  a *prima facie* showing that the claims have merit; as premature due to the pending (now defunct)

15  motion to dismiss; the request is overly broad as to time and scope; the request is unduly

16  burdensome and oppressive; the request is not relevant to the subject matter of the litigation and

17  not reasonably calculated to lead to the discovery of relevant evidence; the request seeks

18  information protected by attorney-client privilege or work product privilege; and the request

19  seeks information that is privileged or confidential to the extent it contains commercial, financial,

20  and/or proprietary business information.  (*See* Doc. No. 35-4 at 17-19).  As previously noted,

21  Defendant agreed to produce the documents already produced to *Wallack* counsel to counsel for

22  Razo.  (Doc. No. 36 at 7). Plaintiff objects to production of the "unspecified 'pay and

23  compensation policies'" as inadequate.  (Doc. No. 37 at 8-9).

24     Following the Court's October 29, 2021 minute entry, Defendant supplemented its

25  response and objections, but the objections remain boilerplate and unspecific.  (*See* Doc. No. 51-

26

27  [3] A primary difference between the Special Interrogatories and the Request for Production is the definition of the Relevant Time Period.  In the RFPs, the Relevant Time Period is defined from June 1, 2018 to present.  (Doc. No. 35-2 at 7).

28

1    3).  The Court turns to address each of the Requests for Production and objections in turn.

2    **REQUEST FOR PRODUCTION NO. 18**

3
    Produce any and all DOCUMENTS sufficient to IDENTIFY YOUR
4    policies, procedures or practices CONCERNING every type of
    renumeration that could have been earned by COVERED
    EMPLOYEES during the RELEVANT TIME PERIOD including,
5    but not limited to, straight time, OVERTIME, double time, MEAL
    PERIOD PREMIUMS, shift premiums, commissions, and bonuses.
6

7    (Doc. No. 35-2 at 11).

8    **OBJECTION TO REQUEST FOR PRODUCTION NO. 18**

9
    Defendant objects to this Request on the grounds that it is vague and
10   ambiguous as to the "policies, procedures, or practices" and "every
    type of renumeration."  Defendant further objects to this Request to
11   the extent it seeks class-wide discovery on the grounds that Plaintiff
    has neither adequately pleaded his class claims nor has he made a
12   *prima facie showing* that his putative class claims have merit.
    Defendant further objects to this Request on the grounds that there is
13   a motion to dismiss pending before the Court, the resolution of which
    may obviate the need for information Plaintiff is seeking.  Defendant
14   further objects to this Request on the grounds that it is overly broad
    to time and scope.  Defendant further objects to this Request on the
15   grounds that it seeks information which is not relevant to the subject
    matter of this litigation and is not reasonably calculated to lead to the
16   discovery of admissible evidence.  Defendant further objects to this
    Request to the extent that it seeks information protected by the
17   attorney-client privilege and/or attorney work product doctrine.
    Defendant further objects to this Request to the extent that it seeks
18   private, privileged, and confidential commercial, financial, and/or
    proprietary business information.

19   (Doc. No. 35-4 at 17-18)

20   **SUPPLEMENTAL OBJECTION**

21
    Defendant objects to this Request on the grounds that it is vague and
22   ambiguous as to "policies, procedures or practices" and "every type
    of renumeration."  Defendant further objects to this Request to the
23   extent it seeks class-wide discovery on the grounds that Razo has no
    need for such information, as he will be unable to certify a class in
24   this action; the Superior court of California for the County of San
    Bernardino has already certified a class—and preliminarily approved
25   that class's settlement and release of the same claims alleged in this
    action—in *Samuel Wallack, et. al. v. AT&T Mobility Services, LLC*,
26   Case No. CIVSB2117915.  Defendant further objects to this Request
    on the grounds that it is unduly burdensome and oppressive.
27   Defendant further objects to this Request on the grounds that it seeks
    information which is not relevant to the subject matter of this
28   litigation and is not reasonably calculated to lead to the discovery of
    admissible evidence.  Defendant further objects to this Request to the

23

1
2
3

> extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

4

(Doc. No. 51-3 at 16).

5
6

In short, Plaintiff seeks Defendant's policies, procedures and practices governing pay and

7

overtime pay. Plaintiff's argument that the requested documents are highly relevant to Plaintiff's

8

claims to unpaid wages, improper payment of premium wages and inaccurate wage statements is

9

well taken. (Doc. No. 34 at 17-18). The Court agrees the information Plaintiff seeks is relevant

10

to the claims in this action. *See Trujillo*, 2020 WL 7315346 *7, *25 (collecting cases).

11

Defendant's objections in response are boilerplate, reference the wrong standard for production of

12

discovery to the extent Defendant's objection requires the evidence to be "admissible," and is

13

otherwise insufficient in all respects, and consequently are overruled. *See Supra* at 12 (discussing

14

insufficiency of boilerplate objections). Federal Rule of Civil Procedure 26 does not require that

15

the information to be produced be "admissible," and the Rule's plain language states "information

16

within this scope of discovery need not be admissible in evidence to be discoverable." *See* Fed.

17

R. Civ. P. 26(b)(1); *see also Gonzalez v. City of Fresno*, Case No. 1:04-cv-06371-OWO-SMS,

18

2007 WL 2781149 *6 (E.D. Cal. Sept. 21, 2007) (district court judge reviewing findings and

19

recommendations noting that Rule 26 provides for discovery that is reasonably calculated to lead

20

to the discovery of admissible evidence, *not* that it need to be admissible). Defendant's

21

objections citing undue burden or broadness are not supported by evidence.

22

To the extent Defendant raises attorney-client or work product privilege, the party

23

asserting evidentiary privileges has the burden of proving that the privileges apply to the

24

documents or communications the party seeks to withhold. *Burch v. Regents of Univ. of Cal.*,

25

2005 WL 6377313 *1 (E.D. Cal. Aug. 20, 2005). "To meet this burden, the party asserting the

26

privilege must produce more than just 'boilerplate objections or blanket refusals" in response to a

27

request for production of documents. (*Id.*) (citations omitted). "The burden may be met by the

28

submission of a detailed privilege log, but only if such a log is submitted in a timely manner."

(*Id.*) (citations omitted).  Despite the numerous filings in relation to Plaintiff's motion to compel, no such privilege log appears on the docket or is otherwise referenced.   Based on the foregoing, Plaintiff's motion to compel RFP 18 is granted.

### REQUEST FOR PRODUCTION NO. 19

> Produce any and all DOCUMENTS sufficient to IDENTIFY every type of renumeration that could have been earned by COVERED EMPLOYEES during the RELEVANT TIME PERIOD including, but not limited to, straight time, OVERTIME, double time, MEAL PREMIUMS, REST BREAK PREMIUMS, shift premiums, commissions, and any bonuses.

(Doc. No. 35-2 at 11).

### OBJECTION TO REQUEST FOR PRODUCTION 19

> Defendant objects to this Request on the grounds that is vague and ambiguous as to "every type of remuneration."  Defendant further objects to this Request to the extent it seeks class-wide discovery on the grounds that Plaintiff has neither adequately pleaded his class claims nor has he made a *prima facie* showing that his putative class claims have merit.  Defendant further objects to this Request on the ground that there is a motion to dismiss pending before the Court, the resolution of which may obviate the need for the information Plaintiff is seeking.  Defendant further objects to this Request on the grounds that it is overly broad as o time and scope.  Defendant further objects to this Request on the grounds that that it unduly burdensome and oppressive.  Defendant further objects to his Request on the grounds that it seeks information which is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product privilege doctrine.  Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

(Doc. No. 35-4 at 18).

### SUPPLEMENTAL OBJECTION

> Defendant objects to this Request on the grounds that it is vague and ambiguous as to "every type of remuneration."  Defendant further objects to this Request to the extent it seeks class-wide discovery on the grounds that Razo has no need for such information, as he will be unable to certify a class in this action; the Superior Court of California for the County of San Bernardino has already certified a class—a preliminarily approved the class's settlement and release of the same claims alleged in this action—in *Samuel Wallack, et. al. v. AT&T Mobility Services LLC*, Case No. CIVSB2117915.  Defendant further objects to this Request on the grounds that it is overly broad

25

1
2
3
4
5
6

as to time and scope.  Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive.  Defendant further objects to this Request on the grounds that it seeks information which is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

7

(Doc. No. 51-3 at 17).

8        Here, Plaintiff's RFP 19 is similar to RFP 18 in almost all respects, except RFP 18

9    expressly references Defendant's policies, practices, and procedures, whereas the focus in RFP 19

10   appears to be "all documents" relating to renumeration.  Plaintiff argues the documents are

11   relevant to Plaintiff's claims for unpaid wages, improper payment of premium wages and

12   inaccurate wage statements.  (Doc. No. 34 at 17-18).  Plaintiff further argues that the

13   compensation data will provide evidence demonstrating Defendant has a common practice and

14   policy of improperly playing Plaintiff and members of the putative class meal and result

15   premiums at their base hourly rates, rather than their regular rates, thereby demonstrating liability

16   under *Ferra v. Loews Hollywood Hotel, LLC*, 489 P.3d 1166, 2021 WL 2965438.  (*Id.* at 18).

17   The Court agrees RFP 19 is relevant to the claims in this action.  Other cases have recognized the

18   importance of wage statements to certifying class actions.  *See Pena v. Taylor Farms Pacific*,

19   *Inc.*, 305 F.R.D. 197, 224 (E.D. Cal. 2015) (at certification stage reviewing evidence, including

20   wage statements, to determine whether employees received all wages); *see also Trujillo*, 2020

21   WL 7315346 (noting when a plaintiff alleges company-wide allegations, then plaintiff may seek

22   company-wide discovery so long as it is not overly burdensome).  As noted above, Defendant's

23   objections are boilerplate, unspecific, and are overruled.  Likewise, any privacy concerns can be

24   addressed by a stipulated protective order.  Plaintiff's motion to compel is granted with respect to

25   RFP 19.

26                    **REQUEST FOR PRODUCTION NO. 20**

27
28

Produce any and all DOCUMENTS that reflect YOUR policies, procedures, or practices CONCERNING WAGE STATEMENTS during the RELEVANT TIME PERIOD.

26

1    (Doc. No. 35-2 at 11-12).

2                    **<u>SUPPLEMENTAL OBJECTIONS</u>**

3           Defendant objects to this Request on the grounds that it is vague and
            ambiguous as to "policies, procedures or practices Defendant further
4           objects to this Request to the extent it seeks class-wide discovery on
            the grounds that Razo has no need for such information, as he will be
5           unable to certify a class in this action; the Superior Court of
            California for the County of San Bernardino has already certified a
6           class—and preliminarily approved that class's settlement and release
            of the same claims alleged in this action—in *Samuel Wallack, et al.,*
7           *v. AT&T Mobility Services LLC*, Case No. CIVSB2117915.
            Defendant further objects to this Request on the grounds that it is
8           overly broad as to time and scope. Defendant further objects to this
            Request on the grounds that it is unduly burdensome and oppressive.
9           Defendant further objects to this Request on the grounds that it seeks
            information which is not relevant to the subject matter of this
10          litigation and is not reasonably calculated to lead to the discovery of
            admissible evidence. Defendant further objects to this Request to the
11          extent that it seeks information protected by the attorney-client
            privilege and/or attorney work product doctrine. Defendant further
12          objects to this Request to the extent that it seeks private, privileged
            and confidential commercial, financial, and/or proprietary business
13          information.

14   (Doc. No. 51-3 at 17-18).

15          Here, Plaintiff seeks from Defendant documents concerning wage statements and other

16   documents reflecting Defendant's policies, procedures, and practices concerning wage statements

17   during the relevant time.  Plaintiff argues the documents are relevant to proving Plaintiff's claims.

18   (Doc. No. 34 at 17).  Specifically, from the compensation data, Plaintiff submits he can discern

19   the number of premium payments made and the difference between each employee's base hourly

20   rate and regular rate, making the documents relevant to proving damages.  (*Id.*); *Trujillo*, 2020

21   WL 7315346 (granting plaintiff's motion to compel and directing a sampling of wage statements

22   and wage statement data to plaintiffs).  As noted above, Defendant's objections are boilerplate,

23   unspecific, and are overruled.  Likewise, any privacy concerns can be addressed by a stipulated

24   protective order.  Plaintiff's motion to compel is granted with respect to RFP 20.

25          **C.  Requests for Admission**

26          Plaintiff moved to compel Defendant to provide supplemental answers to his requests for

27   admission.  (Doc. No. 34 at 19).  The Court notes that in its opposition to the motion to compel,

28   Defendant agreed to supplement its responses to Plaintiff's requests for admission.  (Doc. No. 36

                                        27

at 7-8).  Thus, it appears Plaintiff's motion directed at requests for admission may now be moot based on Defendant's supplemental responses.  This issue was not subsequently addressed in either party's supplemental briefing or in reply.  (*See generally* Doc. No. 51, 53).  Thus, the Court denies Plaintiff's motion to compel supplemental request for admission as moot, without prejudice.

### D. Deposition testimony

Plaintiff requests Defendant produce deposition testimony applicable to the members of the putative class on the same bases addressed above with respect to Special Interrogatory Nos. 1-3, 5, 13 and 18 and Requests for Production Nos. 18, 19, and 20. (Doc. No. 34 at 18-19). Defendant does not respond to Plaintiff's request for deposition testimony in either the initial or amended opposition.  (*See* Doc. Nos. 36, 51).  Nor does Plaintiff re-raise the issue in Reply. (Doc. No. 53).  Notably, prior to Plaintiff filing the motion to compel, Defendant agreed "to meet and confer with Plaintiff as to mutually agreeable times and means for the deposition of an agent qualified to testify as to the Categories agreed-upon below."  (Doc. No. 35-8).

As the Court noted initially, based on the evolution of this case and the parties' lack of briefing on this issue, at this time, the Court cannot discern whether depositions remain at issue or whether this aspect of the motion is moot.  Arguably, Defendant's position would indeed be no need for depositions to proceed based on the preliminary approval of the *Wallack* settlement. Thus, the Court denies, without prejudice, Plaintiff's motion to compel as it pertains to the Rule 30(b)(6) depositions.

### E. Discovery Related Sanctions

As noted by the Ninth Circuit, "[t]he discovery process in theory should be cooperative and largely unsupervised" by the court.  *Sali v. Corona Regional Medical Ctr.*, 884 F. 3d 1218, 1219 (9th Cir. 2018).  When that process breaks down, Rule 37 provides a means for an aggrieved party to compel discovery and seek appropriate court action, including the award of sanctions.  *Id.*; *see also Salisbury v.  Hickman*, Case No. 1:12-cv-01098-LJO-JLT, 2013 WL 1129200 *3 (E.D. Cal. Mach 18, 2013) (noting Rule 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of

28

1   discovery or with court orders enforcing those rules)).

2          Plaintiff seeks such sanctions under Federal Rule of Civil Procedure 37 for Defendant's

3   failure to produce the requested discovery.  (Doc. No. 34 at 26).  Specifically, Plaintiff seeks an

4   award of $8,280, which represents only a portion of counsel's time in bringing this motion

5   (requesting payment for 10.5 hours of time but noting that counsel has invested more than 20

6   hours of time trying to resolve this discovery dispute without court intervention).  (*Id.*?; *see also*

7   Doc. No. 53 at 13).  Defendant opposes imposition of sanctions citing to Rule 37(d)(3)[4] and

8   asserts that it has a good faith basis to dispute the requested discovery and therefore the Court

9   should deny sanctions.  (Doc. No. 51 at 7-8).  The Court is not persuaded by Defendant's

10  arguments and grants Plaintiff's motion for Rule 37 sanctions.

11         Under Rule 37(a)(5)(A):

12         If the motion [to compel] is granted—or if the disclosure or requested
           discovery is provided after the motion was filed—the court must,
13         after giving an opportunity to be heard, require the party or deponent
           whose conduct necessitated the motion . . . to pay the movant's
14         reasonable expenses incurred in making the motion, including
           attorney's fees.  But the court must not order this payment if:
15
16             (i) the movant filed the motion before attempting in good
                   faith to obtain the disclosure or discovery without court
17                 action;

18             (ii) the opposing party's nondisclosure, response, or objection
                    was substantially justified; or

19             (iii) other circumstances make an award of expenses unjust.

20  Fed. R. Civ. P. 37(a)(5)(A).  The above language makes clear that, after a movant attempts in

21  good faith to seek the discovery without court intervention, an award to the prevailing is

22  mandatory unless the losing party demonstrates either: (1) their failure to respond to the

23  propounded discovery was substantially justified; or (2) that an award of expense would be

24  unjust.  *Id.*; *Infanzon v. Allstate. Co.*, 335 F.R. D. 305, 311 (C.D. Cal. 2020).  This Court further

25  expressly advised the parties during the September 20, 2021 informal discovery conference that

26  the Court's preliminary review of the requested discovery indicated it was relevant and

27  _____

28  [4] Rule 37(d) only applies to those situations where a party fails altogether to serve a response to
    interrogatories or documents requests.

1   discoverable and should a motion to compel ensue, the Court would consider entering an award

2   of attorneys' fees for the prevailing party.

3       The thrust of Defendant's argument is that the recent settlement in *Wallack* justifies its

4   refusal to provide the discovery necessary for Plaintiffs to seek class certification in this action.

5   The record demonstrates that Plaintiff attempted in good faith to obtain the discovery from

6   Defendant without court action *more than* 1 1/2 years ago, well before *Wallack* was initiated in

7   state court.  There is no information before the Court indicating that Defendant's initial

8   nondisclosures, responses, or objections were substantially justified.  While an award of sanctions

9   does not depend on the finding of bad faith or willful misconduct, the record arguably supports a

10  finding of such conduct by Defendant or, at a minimum, discovery gamesmanship.  *See*

11  *Debeaubien v. California Highway Patrol*, No. 2:19-cv-1329-WBS-DB, 2021 WL 1985436 *3,

12  No. 2:19-cv-1329-WBS-DB (E.D. Cal. May 18, 2021) (noting that in addition to authorizing a

13  court to sanction under Rule 37(a)(5), in a motion to compel the court also has inherent powers to

14  award sanctions when a party or counsel acts in bad faith).  "The discovery process is subject to

15  the overriding limitation of good faith.  Callous disregard of discovery responsibilities cannot be

16  condoned."  *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d at 1242, 1246 (9th Cir. 1981).

17      Defendant does not dispute that at no time prior to August 25, 2021 did it reveal the

18  existence of the *Wallack* action.[5]  (*See* Doc. No. 42 at 5) (citations omitted).  Instead, Plaintiff

19  first learned of *Wallack* during a meet and confer to resolve a discovery dispute—namely

20  Defendant's refusal to provide class-wide discovery, including pay policies, compensation data

21  and deposition testimony so Plaintiff could timely file his class certification motion.  (*Id.*).

22  Indeed, on August 18, 2021, just one week prior to Defendant's disclosure of *Wallack*,

23  Defendant's counsel signed a stipulation representing to this Court that "[p]arties have been

24  actively engaged in the certification motion related discovery process, meeting and conferring

25  regarding the proper scope of discovery written discovery as well as deposition dates for the

26  Defendant's witnesses pursuant to F.R.C.P. 30(b)(6)" in order to extend the proposed class

27  _____

28  [5] This Court previously noted Defendant's failure to disclose the related case also was an apparent
    violation of Eastern District of California Local Rule 123(b).

1    certification briefing schedule before this Court.  (*See* Doc. No. 42 at 5, citing Doc. Nos. 22, 23).

2    Yet, on August 11, 2021, one week before stipulating to the extension and representing that the

3    parties were "actively" engaged in discovery, Defendant had submitted a motion for preliminary

4    approval of the class action settlement in the *Wallack* action to the Superior Court in San

5    Bernardino.  (*See* Doc. 42 at 5, citing Doc. No. 25-3).

6            Notably, Defendant agreed to supplement its responses to Plaintiff's request for

7    admissions numbered 1-4 and provide the documents responsive to request for production

8    previously provided to counsel in the *Wallack* action.  However, once a request for sanctions is

9    made, a delinquent response does not preclude imposition of sanctions.  *Lewis v. Ryan*, 261

10   F.R.D. 513, 518 (S.D. Cal. 2009) (citing *North American Watch Corp. v. Princess Ermine Jewels*,

11   786 F.2d 1447, 1451 (9th Cir. 1986); *see also G-K Properties v. Redevelopment Agency of City of*

12   *San Jose*, 577 F.2d 645, 647-48 (9th Cir. 1978).  Thus, the Court finds that an award to Plaintiff of

13   reasonable expenses, including attorneys' fees, incurred in bringing the motion to compel is

14   warranted under the circumstances of this case.  Defendant does not otherwise object to counsel's

15   hourly rate or the amount of time claimed for motion.  (*See* Doc. No. 36 at 8; Doc. No. 51 at 7-8).

16   Thus, the Court awards Plaintiff the requested $8,280 in attorney fees.

17           ACCORDINGLY, it is **ORDERED**:

18           1.  Plaintiff's motion to compel (Doc. No. 34) is GRANTED as follows:

19               (a)  Defendant shall file supplemental responses and provide documents as set

20   forth herein **within twenty-one (21) days** of the date of this Order as to Special

21   Interrogatories Nos. 1-3, 5, 13, and 18, Requests for Production Nos. 18-20;

22               (b) Plaintiff's motion to compel as to deposition testimony is DENIED without

23   prejudice for the reasons stated above;

24               (c) Plaintiff's motion to compel as to Request for Admission Nos. 1-4 is DENIED

25   as moot, without prejudice for the reasons stated above.

26           2.  Plaintiff's motion for Rule 37 sanctions is GRANTED and Defendant, **within twenty-**

27   **one (21) days** of this Order, shall remit a check or otherwise submit payment to Plaintiff's

28   counsel for $8,280 as reasonable attorney fees.  Defendant shall also file a Notice of Compliance

with the Court.

      3.  The parties shall meet and confer **within fourteen (14) days** to finalize a stipulated protective order.

Dated:    December 17, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE